1  MARK J. JACOBS, SBN 208945
   E-Mail mjacobs@fisherphillips.com
2  CHRISTOPHER M. AHEARN, SBN 239089
   E-Mail cahearn@fisherphillips.com
3  LAUREN STOCKUNAS, SBN 316800
   E-Mail lstockunas@fisherphillips.com
4  FISHER & PHILLIPS LLP
   2050 Main Street, Suite 1000
5  Irvine, California 92614
   Telephone: (949) 851-2424
6  Facsimile: (949) 851-0152

7  Attorneys for Defendants
   INSPERITY PEO SERVICES, L.P.
8

9            UNITED STATES DISTRICT COURT

10    EASTERN DISTRICT OF CALIFORNIA, FRESNO COURTHOUSE

11

12 | ZACHARY BLAIR, on behalf of himself,    | Case No:  Case #
   | and other similarly situated, and on behalf of |
13 | the general public,                     | *[Previously Stanislaus Superior Court Case Number 9000670; Assigned to Honorable Marie Sovey Silveira, Dept. 21]*
14 |                  Plaintiffs,            |
15 |        v.                               | **DEFENDANT INSPERITY PEO SERVICES, L.P.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 and 1446**
16 | CLASSIC PARTY RENTALS, INC., and        |
   | DOES 1-100,                             |
17 |                                         |
   |                  Defendants.            |
18 |                                         | State Court Complaint Filed:  December 7, 2017
   |                                         | Removal Date:     August 24, 2020
19

20

21

22

23

24

25

26

27

28

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant INSPERITY PEO SERVICES, L.P. (hereinafter, "Insperity"), through its counsel of record, respectfully hereby removes this action filed by Plaintiff ZACHARY BLAIR on behalf of himself, all others similarly situated, and on behalf of the general public (hereinafter, "Plaintiffs") from the Superior Court of the State of California, in and for the County of Stanislaus (hereinafter, the "State Court"), to the United States District Court for the Eastern District of California (Fresno Division).  This removal is made pursuant to 28 U.S.C. sections 1332(d), 1441, 1446, and 1453 and is based on the following grounds.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

1.  On or about December 7, 2017, Plaintiff Zachary Blair, on behalf of himself and others similarly situated, and on behalf of the general public filed a Complaint against Classic Party Rentals, Inc. and Does 1-100 in the Superior Court of the State of California, County of Stanislaus thereby initiating the civil action entitled "ZACHARY BLAIR v. CLASSIC PARTY RENTALS, INC. and DOES 1-100" Case No. CIVDS2004284 (hereinafter, the "State Court Action").

2.  Over two years later on March 12, 2020, the Court granted Plaintiffs' request to amend their Complaint to add Insperity as Doe Defendant 4.  Plaintiffs served Insperity on July 24, 2020.

3.  Insperity is a Professional Employer Organization ("PEO") that provided human resources and payroll processing support services to its former client CP OpCo, LLC dba Classic Party Rentals, Doe Defendant 1.  Insperity began providing payroll administration services to CP OpCo, LLC on or about December 10, 2015.

4.  Plaintiffs' Complaint purports to assert seven class-wide causes of action directly against each and every defendant, including Insperity, stemming from the employment of Plaintiffs and putative class members with "CLASSIC PARTY RENTALS, INC. and/or DOES."

DEFENDANT INSPERITY PEO SERVICES, L.P.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO
28 U.S.C. §§ 1332, 1441 AND 1446

FP 38440131.2

Specifically, the Complaint alleges causes of action for: (1) Failure to Pay All Straight Time Wages; (2) Failure to Pay All Overtime Wages; (3) Failure to Provide Meal Periods (Lab. Code §§ 226.7, 512, IWC Wage Order No.7-2001(11); Cal. Code Regs., tit. 8 § 11090); (4) Failure to Authorize and Permit Rest Periods (Lab. Code § 226.7; IWC Wage Order No. 7-2001(12); Cal. Code Regs. Title 8 § 11090); (5) Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions (Lab. Code §§ 226, 1174, 1175); (6) Failure to Pay All Wages Due at the Time of Termination of Employment; and (7) Violation of Unfair Competition Law (Bus. & Prof. Code §§ 17200, *et seq*.).

5.      The allegations of the Complaint in the State Court Action are incorporated by reference in this Notice of Removal without admission of or agreement to the truth of any of them.

6.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all other process, pleadings, and orders served on Insperity are attached at **Exhibits A-G**.  These records include the Summons (**Exhibit A**), Plaintiff's Class Action Complaint for Damages, Injunctive Relief, Declaratory Relief, and Restitution (**Exhibit B**), Plaintiff Zachary Blair's Amendment to Class Action Complaint Naming Does 2 and 3 (**Exhibit C**) and the corresponding Order (**Exhibit D**), Order Granting Amendment to Class Action Complaint Naming Does 4, 5, 6, 7, 8, 9, 10, and 11 (**Exhibit E**), Notice of Case Management Conference (**Exhibit F**), and Order Granting Plaintiff Zachary Blair's Motion for Class Certification (**Exhibit G**).

7.      Plaintiff also added other Doe Defendants in addition to the original Defendant, Classic Party Rentals, Inc. and Insperity (Doe Defendant 4).  On May 14, 2018, Plaintiff amended its Complaint to add its first Doe Defendant, CP OpCo, LLC.  On December 18, 2018, the Court granted Plaintiff's request to amend its Complaint to add Bright Event Rentals, LLC and Hartman Studio, Inc. dba Standard Party Rentals as Doe Defendants 2 and 3.  *See* **Exhibit C**.  On March 12, 2020, the Court granted Plaintiff's request to amend his Complaint to add Apollo Global Management, Inc., Apollo Centre Street Partnership, L.P., Apollo Franklin Partnership, L.P., Apollo Credit Opportunity Fund III AIV LP, Apollo SK Strategic Investments, L.P., Apollo

/ / /

DEFENDANT INSPERITY PEO SERVICES, L.P.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO
28 U.S.C. §§ 1332, 1441 AND 1446

FP 38440131.2

1  Special Opportunities Managed Account, L.P., and Apollo Zeus Strategic Investments, L.P. as

2  Doe Defendants 5 through 11 ("Apollo Entities").  *See* **Exhibit E**.

3       8.      According to the Disposition Events on Stanislaus Superior Court docket for this

4  matter, Bright Event Rentals, LLC was dismissed on March 13, 2019; Hartman Studios Inc. was

5  dismissed on March 21, 2019, and Classic Party Rentals Inc. was dismissed on April 5, 2019.

6  As such, these entities are not parties to the case.

7       9.      CP OpCo, LLC has never made an appearance in the case and ceased operations

8  in July 2017.

9       10.     None of the Apollo Entities have yet to appear in this case.

10      11.     On August 24, 2020, Insperity filed an Answer in the State Court Action, and a

11 copy is attached at **Exhibit H**.

12 **II.    SATISFACTION OF THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. §**

13     **1446**

14      **A.    Venue**

15      12.     In accordance with 28 U.S.C. section 1446(a), this Notice is filed with the District

16 Court of the United States in which the Action is pending.  The Superior Court of California,

17 County of Stanislaus is located within the Eastern District of California.  *See* U.S.C. § 84(c).

18 Therefore, venue is proper in this Court because it is the "district and division embracing the

19 place where such action is pending."  *See* 28 U.S.C. §1441(a).  Thus, this Court is the proper

20 district court to which this case may be removed.  *See* 28 U.S.C. §§ 1441(a) and 1446(a).

21      **B.    Timeliness**

22      13.     Insperity's registered agent for service of process was served with **Exhibits A-G**,

23 including the Summons, Complaint, and the Amendment to the Complaint adding Insperity as

24 Doe Defendant 4 on July 24, 2020.  Accordingly, this removal being filed within 30 days is

25 timely under 28 U.S.C. § 1446(b).

26      **C.    Service and Filing of Notice**

27      14.     In accordance with 28 U.S.C. § 1446(d), Insperity is serving a copy of this Notice

28 upon counsel for Plaintiffs, and Insperity will file copies of this Notice with the Clerk of the

Superior Court of California in the County of Stanislaus and with the Clerk of the Eastern District of California.  Insperity will promptly file true and correct copies of the Proof of Service regarding the Notice of Removal to Plaintiffs and the state court.

## III.   REMOVAL SUBJECT TO A LIBERAL PLEADING STANDARD

15.   In 2014, the U.S. Supreme Court held that notices of removal are subject to the same general pleading standards applicable to complaints pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, and that accordingly such notices need not attach evidence or meet a burden of proof, but rather need only contain a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83-84 (quoting 28 U.S.C. § 1446(a)).  This governing principle also applies to a removing party's allegations as to the amount in controversy. *Id.*; *Garnett v. ADT LLC*, 74 F. Supp.3d 1332, 1334 (E.D. Cal. 2015).  Only if the Court, or another party, contests the allegations of removability must the removing party submit evidence supporting its allegations, whereupon removability is decided under a preponderance of evidence standard. *Dart Cherokee*, 574 U.S. at 88. There is no "presumption against removal" where, as here, a defendant seeks to remove pursuant to the Class Action Fairness Act. *Dart Cherokee*, 574 U.S. at 89.

## IV.   THE U.S. DISTRICT COURT HAS JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

16.   On February 18, 2005, Congress enacted the Class Action Fairness Act of 2005 (hereinafter, "CAFA").  CAFA gives U.S. District Courts original jurisdiction over civil class action lawsuits in which any member of the putative class is a citizen of a state different from any defendant, and in which the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).  CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446.

17.   This Court has original jurisdiction of this action under CAFA.  As set forth below, this action is removable pursuant to 28 U.S.C. § 1441(a) as it is a putative class action in which at least one member of the class of plaintiffs is a citizen of a state different from that of any one defendant, the proposed class exceeds 100 members, and the amount in controversy

1    exceeds $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2).  Further, no

2    defendant identified in the Complaint is a state, officer of a state, or a governmental agency.  28

3    U.S.C. § 1332(d)(5).

4    **V.      MINIMAL DIVERSITY OF CITIZENSHIP**

5          18.      CAFA requires only minimal diversity—that is, that one plaintiff is a citizen of a

6    different state than one defendant.  *See* 28 U.S.C. § 1332(d)(2)(A).

7          19.      Under the CAFA removal provision, 28 U. S. C. §1453(b), a class action may be

8    removed to federal court by "any defendant without the consent of all defendants."

9          20.      For diversity purposes, a person is a "citizen" of the state in which he or she is

10   domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Natural

11   persons are domiciled in the places they reside with the intent to remain or to which they intend

12   to return.  *Id.* at 857.

13         21.      For CAFA removal, "[c]itizenship of the members of the proposed plaintiff

14   classes shall be determined . . . as of the date of filing of the complaint or amended complaint,

15   or, if the case stated by the initial pleading is not subject to Federal jurisdiction, as of the date of

16   service by plaintiffs of an amended pleading, motion, or other paper, indicating the existence of

17   Federal jurisdiction." 28 U.S.C. § 1332(d)(7).

18         22.      Plaintiff Zachary Blair was, at the time of the filing of the Complaint, and remains,

19   a resident of California.  (**Exhibit B**, Complaint at ¶ 28); *see Mondragon v. Capital One Auto*

20   *Fin.*, 736 F.3d 880, 885–86 (9th Cir. 2013) ("a party with the burden of proving citizenship may

21   rely on the presumption of continuing domicile, which provides that, once established, a person's

22   state of domicile continues unless rebutted . . . . This presumption has been widely accepted,

23   including by this [the Ninth] circuit.").  For removal purposes, citizenship is measured both when

24   the action is filed and removed.  *Strotek Corp. v. Transport Ass'n of America,* 300 F.3d 1129,

25   1131 (9th Cir. 2002); *Kanter v. Warner-Lambert* Co., 265 F.3d 853, 857 (9th Cir. 2001).  Again,

26   for diversity purposes, a person is a citizen of the State where he or she is domiciled.  *Kantor v.*

27   *Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983). Residence is prima facie evidence of

28   domicile. *Mondragon*, 736 F.3d at 885–86 (9th Cir. 2013), citing *Hollinger v. Home State Mut.*

FP 38440131.2

*Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) ("Evidence of a person's place of residence . . . is prima facie proof of his domicile.").  The Complaint states that "[a]t all times mentioned herein Plaintiff ZACHARY BLAIR is and was a resident of California."  **Exhibit B,** Complaint at ¶ 28.  Plaintiff, therefore, is, and at all times since the commencement of this action has been, a resident and citizen of California.

23.     Plaintiff's Complaint asserts that he is bringing this action on behalf of himself and a putative class described as "All persons who are employed or have been employed by Defendant in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations."  (**Exhibit B**, Complaint at ¶ 48.)  Plaintiffs also seeks to certify eleven subclasses.  *Id.*

24.     As a PEO that processed payroll for CP OpCo, LLC dba Classic Party Rentals beginning December 10, 2015 and concluding on July 25, 2017, its payroll records indicate that CP OpCo, LLC had non-exempt employees who worked in California who are putative class members under Plaintiff's definition, who resided in the following states: California, Colorado, Florida, Illinois, Kentucky, Nevada, Ohio, Texas, and Washington.

25.     A corporation is deemed to be a citizen of the state in which it is incorporated and where has its principal place of business.  28 U.S.C. § 1332(c)(1).  The phrase "principal place of business" "refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities."  *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).  This is the corporation's "nerve center."  *Id*. at 78.  "[I]n practice [this] should normally be the place where the corporation maintains its headquarters . . . ."  *Id*.  The headquarters is the place from which the corporation's business activities are directed, controlled, and coordinated.  *Id.*

26.     At all times since at least December 7, 2013, the following has been the case with regard to Insperity:  (a) it has been a corporation, incorporated in and under the laws of the State of Delaware; (b) its corporate headquarters, where its "high level" officers and executives, including its chief executive officer, chief financial officer, and general counsel, have directed, controlled, and coordinated Insperity's business operations, has been located in the State of Texas; and (c) its core executive and administrative functions, including finance, accounting,

7

1   human resources, information technology and legal affairs, have been carried out in the State of
2   Texas.

3        27.    Therefore, Insperity is now, and has been since the filing of the State Court
4   Action, a citizen of the states of Delaware and Texas.  *Hertz*, 559 U.S. at 78.

5        28.    Therefore, one or more putative class members are not citizens of the states of
6   Delaware or Texas, and Defendant Insperity is a citizen of Delaware and Texas, at least one
7   putative class member is diverse from a defendant, and CAFA's minimal diversity requirement
8   is satisfied.

9        29.    None of the Apollo Entities are incorporated under the laws of California, and
10   none of them has a principal place of business in California. At all times since the initial
11   Complaint was filed and the State Court Action was initiated, they have been incorporated in
12   states other than California. Also, at all such times, their principal places of business and
13   corporate headquarters, where their "high level" officers and executives have directed,
14   controlled, and coordinated their business operations, and where their core executive and
15   administrative functions, including finance, accounting, human resources, information
16   technology and legal affairs, have been located outside the State of California.  Also, as of August
17   24, 2020, based on the California Secretary of State's online business search database available
18   at https://businesssearch.sos.ca.gov/, none of the Apollo Entities are now, or have been at any
19   time since the initial Complaint was filed and the State Court Action was initiated, registered to
20   do business in the State of California.

21       30.    CP OpCo, LLC, the only remaining nominal defendant in the case other than
22   Insperity and the Apollo Entities, has not done business in California since July 2017 and its
23   status with the California Secretary of State is "SOS Forfeited."  According to CP OpCo, LLC's
24   Statement of Information (LLC-12) filed with the Secretary of State on February 6, 2017, CP
25   OpCo was a Delaware corporation,  and its principal place of business was at 9 West 57th Street,
26   New York, NY 10019.  That a company is registered to do business in California does not
27   establish that it is incorporated, or a citizen there.  *Thymes v. Prime, Inc.*, No.
28   LACV1802725JAKJCX, 2018 WL 5905393, at *3 (C.D. Cal. July 13, 2018) (citing *Portillo v.*

8

*Chipotle Mexican Grill, Inc.*, No. CV 17-01497-AB (JCx), 2018 WL 637386, at *2 (C.D. Cal. Jan. 31, 2018); *see also Grady v. Stoever*, 968 F. Supp. 334, 335 (S.D. Tex. 1997)).  Therefore, ever since the filing of the initial Complaint in the State Court Action, through the present, CP OpCo, LLC has not been a citizen of California because it was not incorporated in California and has not maintained a principal place of business where the corporation's high-level officers have directed, controlled, and coordinated the corporation's activities.  Instead, at all such times it has been a citizen of Delaware and New York, because of its incorporation in Delaware and the location of its principal business office in New York.  *Hertz*, 559 U.S. at 78.

31.    A case not removable under the original complaint may become removable by later amendments to the complaint, or other "voluntary" actions by plaintiff creating diversity (e.g., voluntarily dismissing the non-diverse defendants).  28 USC § 1446(b)(3).  As such, because Bright Event Rentals, LLC, Hartman Studios Inc., and Classic Party Rentals Inc. have been dismissed from the State Court Action, their citizenship is irrelevant in assessing the removability of this matter.

32.    Additionally, CAFA's local controversy exception will not apply because no remaining party Defendants are citizens of California.  28 U.S.C. § 1332(d)(4).  The "local controversy" exception depends on citizenship of the defendants who remain in the action at the time of removal, not those named in the original complaint.  *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 153 (3d Cir. 2009) ("We conclude that the local controversy exception requires consideration of the defendants presently in the action. Indeed, a key condition of the local controversy exception is the presence in the action of at least one significant local defendant. Applying the exception when no local defendant remains in the action, as could occur under the time-of-filing rule, would not comport with the exception's focus on discerning local controversies based, in part, on the presence of a significant local defendant.")

## VI.    SIZE OF PROPOSED CLASS

33.    In the Complaint, Plaintiffs assert that the class consists of over two-thousand (2,000) employees in the State of California in positions as hourly non-exempt employees. (**Exhibit B**, Complaint at ¶ 51.)

34.     As a PEO that processed payroll for CP OpCo, LLC, its records indicate that CP OpCO, LLC had approximately 1,853 non-exempt employees who worked in the state of California between December 10, 2015 and July 25, 2017.

35.     Accordingly, there are well over 100 alleged class members.

## VII.   **AMOUNT IN CONTROVERSEY**

36.     Plaintiffs' Complaint is silent as to the total amount of monetary relief sought. However, the failure of the Complaint to specify the total amount of monetary relief sought by Plaintiffs does not deprive this Court of jurisdiction. *White v. J.C. Penny Life Ins. Co.*, F.Supp.25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any Plaintiff could avoid removal simply by declining . . . to place a specific dollar value upon its claim.").

37.     Notwithstanding Plaintiffs' failure to allege the total amount of monetary relief claimed, CAFA authorizes the removal of class actions in which, among the factors mentioned above, the aggregated amount in controversy for all potential class members exceeds $5 million dollars.  *See* 28 U.S.C. § 1332(d).  In determining the amount in controversy for CAFA, all potential damages based on the claims in the complaint, as well as attorneys' fees, are properly included.  *See, e.g., Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).

38.     Although Insperity denies that Plaintiffs or any putative class member are entitled to any relief, in determining the amount in controversy, the Court must assume that the allegations in the complaint are true and that a jury will return a verdict for Plaintiffs on all claims in the complaint.  *See Cain v. Hartford Life & Acc. Ins.*, 890 F.Supp.2d 1246, 1249 (C.D. Cal. 2012) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." (internal quotation marks omitted)).  Further, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and does not require evidentiary submissions. *Dart Cherokee*, 574 U.S. at 83-84; *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

39.     As pleaded, the alleged amount in controversy in this putative class action exceeds, in the aggregate $5,000,000, exclusive of interest and costs.   The Complaint seeks payment of minimum wages, overtime wages, and meal and rest break penalties, damages and penalties for inaccurate wage statements under Labor Code section 226 (which permits a maximum penalty of $4,000 per employee), waiting time penalties under Labor Code section 203, and restitution for violations of section 17200 of the Business and Professions Code.   The Complaint also seeks payment of prejudgment interest and attorneys' fees and costs.   (**Exhibit B**, Complaint Sec. V.)

40.     During a portion of the class period as defined by Plaintiffs and based on Insperity's records, there were approximately 1,853 non-exempt employees working in California from December 10, 2015 through July 25, 2017.

41.     These CP OpCo, LLC employees worked approximately 85,366 workweeks during the portion of the class period for which Insperity has payroll records, namely, from December 10, 2015 through July 25, 2017.

42.     Where a plaintiff alleges that a defendant has "adopted and maintained uniform policies, practices and procedures' that caused the purported violations of California's [laws]…[i]t is not unreasonable to assume that when a company has unlawful policies and they are uniformly 'adopted and maintained,' then the company may potentially violate the law in each and every situation where those policies are applied."  *Mejia v. DHL Express (USA), Inc.*, No. CV 15-890-GHK JCx, 2015 WL 2452755, *4 (C.D. Cal. May 21, 2015).  In that instance, "a 100% violation rate is not an unreasonable assumption to use in estimating the amount in controversy in light of the allegations in the complaint."  *Id.*  Here, Plaintiffs alleged that defendants: "had a consistent policy and/or practice of not paying Plaintiff and its Non-Exempt Employees for all of the hours they worked," "continuous and widespread" policies and/or practices that violated various Labor Code sections (**Exhibit B**, Complaint ¶¶ 5-15.)

43.     Here, when assessing the alleged wage statement penalties pursuant to Labor Code section 226 and the alleged waiting time penalties pursuant to Labor Code section 203, the amount in controversy well exceeds $5,000,000.00.

### A.     Wage Statement Penalties

44.     Plaintiffs seek penalties under Labor Code section 226 for allegedly inaccurate wage statements for himself and the putative class.   (**Exhibit B**, Complaint ¶¶ 116-122.) Plaintiffs seek penalties under Labor Code section 226, which authorizes a penalty of $50 per employee for each initial violation per employee, and $100 per employee for each subsequent violation, up to a maximum of $4,000 per employee.   Cal. Lab. Code § 226.   Labor Code section 226 has a one-year statute of limitations.  Cal. Code of Civ. Proc. § 340.  During the one-year period of December 7, 2016 through July 25, 2017, Insperity has payroll records for approximately 1,238 CP OpCo, LLC non-exempt employees working in California.   Those employees were furnished with wage statements for approximately 15,757 pay periods.

45.     Accordingly, Plaintiffs have put at issue approximately $1,513,800.00 [(1,238 pay periods x $50) + ((15,757 pay periods – (1 pay period time 1,238 employees)) x $100) = $1,513,800.00] in Labor Code 226 penalties alone.

### B.     Waiting Time Penalties

46.     Plaintiffs also seek waiting time penalties under California Labor Code section 203 (**Exhibit B**, Complaint ¶¶ 123-134). Plaintiffs may claim penalties under section 203 for all terminated employees for up to 30 days' wages if wages are not paid in full. Cal. Lab. Code § 203.   The statute of limitations for waiting time penalties is three years. *Pineda v. Bank of America*, 50 Cal.4th 1389 (2010).

47.     Insperity only has payroll recording going back less than three years, namely to December 10, 2015.   During the period from December 10, 2015 through July 25, 2017, approximately 1,853 non-exempt CP OpCo, LLC employees working in California separated from employment, including as a result of CP OpCo, LLC's cessation of all operations in July 2017.  As such, *at least* $5,782,994.00 (30 days x 8 hours x (each non-exempt CP OpCo, LLC employee working in California whose payroll records Insperity maintains' highest rate of pay during their employment)) = $5,782,994.00) is put at issue by Plaintiffs' waiting time penalties claim.  For reference, rates of pay range from $9.00 per hour to $40.87 per hour and the average rate of pay is $12.86 per hour.

---

FP 38440131.2

**C.     Attorney's Fees**

48.     What is more, including an additional 25% for attorneys' fees is warranted in class actions.  *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). For purposes of considering fees for the amount in controversy, the attorneys' fees are not limited to only those incurred prior to removal but also what plaintiff may recover after removal. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415 (9th Cir. 2018).  Plaintiffs' theoretical attorneys' fees on two of the seven claims alone would amount to an additional $1, 829, 198.50 ($7,296,794 x 25% = $1,132,670.90)

**D.     Summary of Amount in Controversy**

49.     In sum, considering two of the seven claims alone plus a small portion of attorneys' fees results in an amount in controversy well over $5,000,000.00 and of at least $8,429,464.90 ($1,513,800 + $5,782,994 + 1,132,670.90).

**VIII.   CONCLUSION**

Since minimum diversity exists, there are over 100 putative class members, and the amount in controversy exceeds $5,000,000.00, Insperity prays that this civil action be removed from the Superior Court of the State of California, County of Stanislaus, to the United States District Court of the Eastern District of California pursuant to the CAFA.

Dated:  August 24, 2020                         Respectfully submitted,

                                                FISHER & PHILLIPS LLP

By:  _____
                                                MARK J. JACOBS
                                                CHRISTOPHER M. AHEARN
                                                LAUREN STOCKUNAS
                                                Attorneys for Defendants
                                                INSPERITY PEO SERVICES, L.P.

FP 38440131.2

# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CLASSIC PARTY RENTALS, INC.; and DOES 1-100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ZACHARY BLAIR on behalf of himself, all others similarly situated, and on behalf of the general public

*FOR COURT USE ONLY*
ELECTRONICALLY FILED
*(SOLO PARA USO DE LA CORTE)*
Superior Court of California
County of Stanislaus
2017-Dec-07  16:01:19
CLERK OF THE COURT
9000670
This case has been assigned to
Judge MARIE SOVEY SILVEIRA
Department 21,
for all purposes including trial
Filing Fees: $1,435.00
By: Lindsey Stringfellow

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanislaus | **CASE NUMBER:**<br>*(Número del Caso):* 9000670 |
|---|---|

801 10th Street, Floor 4
Modesto, CA 95354

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
William Turley, Esq./The Turley & Mara Law Firm, APLC, 7428 Trade Street, San Diego, CA 92121

| DATE:<br>*(Fecha)* 12/07/2017 | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)* **LINDSEY STRINGFELLOW**
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☒ as the person sued under the fictitious name of *(specify):* Doe Defendant 4
3. ☒ on behalf of *(specify):* INSPERITY PEO SERVICES, LP, sued herein as Doe Defendant 4

under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☒ other *(specify):* Limited Partnership

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |
|---|---|---|

# EXHIBIT B

William Turley, Esq. (122408)
David Mara, Esq. (230498)
Jill Vecchi, Esq. (299333)
Matthew Crawford, Esq. (310230)
THE TURLEY & MARA LAW FIRM, APLC
7428 Trade Street
San Diego, California 92121
Telephone: (619) 234-2833
Facsimile: (619) 234-4048

Attorneys for ZACHARY BLAIR,
on behalf of himself, all others similarly
situated, and on behalf of the general public.

ELECTRONICALLY FILED
Superior Court of California
County of Stanislaus
2017-Dec-07  16:01:19
CLERK OF THE COURT
9000670
This case has been assigned to
Judge MARIE SOVEY SILVEIRA
Department 21,
for all purposes including trial
Filing Fees: $1,435.00
By: Lindsey Stringfellow

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
# IN AND FOR THE COUNTY OF STANISLAUS

ZACHARY BLAIR on behalf of himself, all others similarly situated, and on behalf of the general public,

Plaintiffs,

v.

CLASSIC PARTY RENTALS, INC.; and DOES 1-100,

Defendants.

Case No.   9000670

PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND RESTITUTION

1)  Failure to Pay All Straight Time Wages;
2)  Failure to Pay All Overtime Wages;
3)  Failure to Provide Meal Periods (Lab. Code §§ 226.7, 512; IWC Wage Order No. 7-2001(11); Cal. Code Regs., tit. 8 § 11090);
4)  Failure to Authorize and Permit Rest Periods (Lab. Code § 226.7; IWC Wage Order No. 7-2001(12); Cal. Code Regs. Title 8 § 11090);
5)  Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions (Lab. Code §§ 226, 1174, 1175);
6)  Failure to Pay All Wages Due at the Time of Termination of Employment (Lab. Code §§201-203); and
7)  Violation of Unfair Competition Law (Bus. & Prof. Code § 17200, et seq.).

**DEMAND FOR JURY TRIAL**

Plaintiff ZACHARY BLAIR, on behalf of himself, all others similarly situated, and on behalf of the general public, complains of Defendant CLASSIC PARTY RENTALS, INC. and/or DOES and for causes of action and alleges:

1. This is a class action pursuant to California Code of Civil Procedure section 382 on behalf of Plaintiff, ZACHARY BLAIR, and all non-exempt, hourly workers who are presently or formerly employed by CLASSIC PARTY RENTALS, INC. and/or DOES and/or their subsidiaries or affiliated companies and/or predecessors within the State of California.

2. At all times mentioned herein, CLASSIC PARTY RENTALS, INC. and/or DOES have conducted business in Stanislaus County and elsewhere within California.

3. At all times mentioned herein, CLASSIC PARTY RENTALS, INC. and/or subsidiaries or affiliated companies and/or DOES, within the State of California, have, among other things, employed current and former non-exempt employees.

4. At all times mentioned herein, the common policies and practices of CLASSIC PARTY RENTALS, INC. and/or DOES were a direct cause of Defendant's and/or DOES' failure to comply with California's wage and hours laws, Wage Orders, and/or the California Labor Code, as set forth more fully within.

5. For at least four (4) years prior to the filing of this action and through to the present, Defendant CLASSIC PARTY RENTALS, INC. and/or DOES have had a consistent policy and/or practice of not paying Plaintiff and its Non-Exempt Employees for all of the hours they worked.

6. For at least four (4) years prior to the filing of this action and through to the present, Defendant CLASSIC PARTY RENTALS, INC. and/or DOES have had a continuous and widespread policy of not paying Plaintiff and those similarly situated for all hours they worked, including before clocking in for their work shift, after clocking out for their work shift, and during unpaid meal periods. Further, Defendant CLASSIC PARTY RENTALS, INC. and/or DOES have had a continuous and widespread policy to shave the time Plaintiff and those similarly situated worked (referred to as "time shaving").

7.   For at least four (4) years prior to the filing of this action and through to the present, Defendant CLASSIC PARTY RENTALS, INC. and/or DOES have had a continuous and widespread policy of "clocking-out" Plaintiff and those similarly situated for thirty (30) minute meal periods, even though Plaintiff and those similarly situated were suffered and/or permitted to work during these deduction periods, thereby deducting thirty (30) minutes of paid time, including straight time and overtime.

8.   For at least four (4) years prior to the filing of this action and through to the present, Defendant CLASSIC PARTY RENTALS, INC. and/or DOES have had a consistent policy and/or practice of failing to provide all straight time and overtime wages owed to Non-Exempt Employees, as mandated under the California Labor Code and the implementing rules and regulations of the Industrial Welfare Commission's ("IWC") California Wage Orders.

9.   For at least four (4) years prior to the filing of this action and through to the present, Defendant CLASSIC PARTY RENTALS, INC. and/or DOES have had a consistent policy of requiring Non-Exempt Employees within the State of California, including Plaintiff, to work through meal periods and work at least five (5) hours without a meal period and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, or other compensation, as required by California's state wage and hour laws, and automatically deducting a half hours pay from their wages.

10.   For at least four (4) years prior to filing of this action and through the present, Defendant CLASSIC PARTY RENTALS, INC. and/or DOES did not have a policy of allowing its hourly employees working shifts of ten (10) or more hours in a day to take a second meal period of not less than thirty (30) minutes as required by the applicable Wage Order of the IWC.

11.   For at least four (4) years prior to the filing of this action and through to the present, Defendant CLASSIC PARTY RENTALS, INC. and/or DOES have had a consistent policy

of requiring Non-Exempt Employees within the State of California, including Plaintiff, to work over ten (10) hours without providing an additional, uninterrupted meal period of thirty (30) minutes and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, or other compensation, as required by California's state wage and hour laws.

12. For at least four (4) years prior to the filing of this action and through to the present, Defendant CLASSIC PARTY RENTALS, INC. and/or DOES have had a consistent policy and/or practice of requiring its Non-Exempt Employees within the State of California, including Plaintiff, to work for over four hours, or a major fraction thereof, without a 10 minute rest period, and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the rest period is not provide, or other compensation, as required by California's state wage and hour laws.

13. For at least four (4) years prior to the filing of this action and through to the present, Defendant CLASSIC PARTY RENTALS, INC. and/or DOES have had a consistent policy and/or practice of failing to provide Plaintiff and its Non-Exempt Employees with cool down recovery periods in accordance with California Code of Regulations, Title 8, section 3395.

14. For at least four (4) years prior to the filing of this action and through to the present, Defendant CLASSIC PARTY RENTALS, INC. and/or DOES and/or their officers and/or managing agents have had a consistent policy and/or practice of willfully failing to provide to Plaintiff and its Non-Exempt Employees, accurate itemized employee wage statements.

15. For at least four (4) years prior to the filing of this action and through to the present, Defendant CLASSIC PARTY RENTALS, INC. and/or DOES and/or their officers and/or managing agents have had a consistent policy and/or practice of willfully failing to timely pay wages owed to Plaintiff and those Non-Exempt Employees who left Defendant CLASSIC PARTY RENTALS, INC. and/or DOES employ or who were terminated.

16. For at least four (4) years prior to the filing of this action and through to the present,

CLASSIC PARTY RENTALS, INC. and/or DOES, by failing to lawfully pay Plaintiff and those similarly situated all the wages they are owed, engaged in false, unfair, fraudulent and deceptive business practices within the meaning of the Business and Professions Code section 17200, et seq.

17. Throughout the statutory period, CLASSIC PARTY RENTALS, INC.'s and/or DOES' employees, including Plaintiff and similarly situated Non-Exempt Employees, were not provided all straight time and overtime wages owed, meal periods and rest periods, or compensation in lieu thereof, as mandated under the California Labor Code, and the implementing rules and regulations of the Industrial Welfare Commissions ("IWC") California Wage Orders.

18. Throughout the statutory period, CLASSIC PARTY RENTALS, INC. and/or DOES employees, including Plaintiff and similarly situated Non-Exempt Employees were not provided with accurate and itemized employee wage statements.

19. CLASSIC PARTY RENTALS, INC. and/or DOES failed to comply with Labor Code section 226, subdivision (a), by itemizing in wage statements all hourly compensation and accurately reporting total hours worked by Plaintiff and the members of the proposed class. Plaintiff and members of the proposed class are entitled to penalties not to exceed $4,000 for each employee pursuant to Labor Code section 226(b).

20. CLASSIC PARTY RENTALS, INC. and/or DOES have failed to comply with IWC Wage Order 7-2001(7) by failing to maintain accurate time records showing hourly compensation, when the employee begins and ends each work day and total daily hours worked by itemizing in wage statements and accurately reporting total hours worked by Plaintiff and members of the proposed class.

21. CLASSIC PARTY RENTALS, INC.'s and/or DOES' failure to retain accurate records of total hours worked by Plaintiff and the proposed class was willful and deliberate, was a continuous breach of CLASSIC PARTY RENTALS, INC.'s and/or DOES' duty owed to Plaintiff and the proposed class.

22. Throughout the statutory period, CLASSIC PARTY RENTALS, INC.'s and/or DOES' employees, including Plaintiff and similarly situated Non-Exempt Employees, were not timely paid all wages owed to them at the time of termination.

23. Defendant CLASSIC PARTY RENTALS, INC. and/or DOES are and were aware that Plaintiff and members of the proposed class were not paid all straight time and overtime wages owed, nor provided meal and rest periods. Defendant CLASSIC PARTY RENTALS, INC.'s and/or DOES' denial of wages and other compensation due to Plaintiff and members of the proposed class was willful and deliberate.

24. Defendant CLASSIC PARTY RENTALS, INC. and/or DOES, each and collectively, controlled the wages, hours, and working conditions of Plaintiff and the proposed class, creating a joint-employer relationship over Plaintiff and the proposed class.

25. Plaintiff ZACHARY BLAIR, on behalf of himself and all of CLASSIC PARTY RENTALS, INC.'s and/or DOES' Non-Exempt Employees, brings this action pursuant to California Labor Code sections 226, subd. (b), 226.7. 510, 512, 515, 558, 1194, and California Code of Regulations, Title 8, sections 11090 and 3395, seeking unpaid wages, overtime, meal and rest period compensation, penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

26. Plaintiff ZACHARY BLAIR, on behalf of himself and all putative Class members made up of CLASSIC PARTY RENTALS, INC.'s and/or DOES' non-exempt employees, pursuant to California Business and Professions Code sections 17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits CLASSIC PARTY RENTALS, INC. and/or DOES enjoyed from their failure to pay all straight time wages, overtime wages, and meal and rest period compensation.

**I.   VENUE**

27. Venue as to each Defendant, CLASSIC PARTY RENTALS, INC. and/or DOES, is proper in this judicial district, pursuant to Code of Civil Procedure section 395. Defendant CLASSIC PARTY RENTALS, INC. and/or DOES conduct business and commit Labor

1    Code violations within Stanislaus County, and each Defendant and/or DOE is within

2    California for service of process purposes. The unlawful acts alleged herein have a direct

3    effect on Plaintiff and those similarly situated within the State of California and within

4    Stanislaus County. Defendant CLASSIC PARTY RENTALS, INC. and/or DOES employ

5    numerous Class members who work in Stanislaus County, in California.

6    **II.   PARTIES**

7    **A.    Plaintiffs**.

8    28.   At all relevant times, herein, Plaintiff ZACHARY BLAIR is and was a resident of

9    California. At all relevant times, herein, he was employed by Defendant CLASSIC PARTY

10   RENTALS, INC. and/or DOES within the last four (4) years as a non-exempt, hourly

11   general associate and assistant driver in California.

12   29.   On information and belief, Plaintiff and all other members of the proposed class

13   experienced Defendant CLASSIC PARTY RENTALS, INC.'s and/or DOES' common

14   company policies of failing to pay all straight time and overtime wages owed.

15   30.   On information and belief, Plaintiff and all other members of the proposed class

16   experienced Defendant CLASSIC PARTY RENTALS, INC.'s and/or DOES' common

17   company policies of illegally deducting wages from employees for meal periods during

18   which they were performing work.

19   31.   On information and belief, Plaintiff and all other members of the proposed class

20   experienced Defendant CLASSIC PARTY RENTALS, INC.'s and/or DOES' common

21   company policies and/or practices of failing to pay all straight time and overtime wages

22   owed, and failing to provide compliant meal periods to employees before the end of their

23   fifth hour of work or a second meal period before the end of the tenth hour or work, or

24   compensation in lieu thereof.

25   32.   On information and belief, Plaintiff and all other members of the proposed class

26   experienced Defendant CLASSIC PARTY RENTALS, INC.'s and/or DOES' common

27   company policies of failing to provide ten (10) minute paid rest breaks to employees whom

28

1     worked four (4) hours or major fractions thereof.

2   33.    On information and belief, Plaintiff and all other members of the proposed class

3        experienced Defendant CLASSIC PARTY RENTALS, INC.'s and/or DOES' common

4        company policies of failing to provide cool down recovery periods.

5   34.    On information and belief, Plaintiff and all other members of the proposed class

6        experienced Defendant CLASSIC PARTY RENTALS, INC.'s and/or DOES' common

7        company policies of failing to provide Non-Exempt Employees with accurate itemized

8        wage statements. On information and belief, Defendants and/or DOES failure to provide

9        to their Non-Exempt Employees, including Plaintiff, with accurate itemized wage

10       statements was willful.

11   35.    On information and belief, Plaintiff and all other members of the proposed class

12        experienced Defendant CLASSIC PARTY RENTALS, INC.'s and/or DOES' common

13        company policies of failing to timely compensate Non-Exempt Employees all wages owed

14        upon termination. On information and belief, Defendant's and/or DOES' failure to pay, in

15        a timely manner, compensation owed to Non-Exempt Employees, including Plaintiff, upon

16        termination of their employment with CLASSIC PARTY RENTALS, INC. and/or DOES

17        was willful.

18   36.    On information and belief, Plaintiff and all other members of the proposed class

19        experienced Defendant CLASSIC PARTY RENTALS, INC.'s and/or DOES' fraudulent

20        and deceptive business practices within the meaning of the Business and Professions Code

21        section 17200, et seq.

22   37.    Plaintiff and the proposed class are covered by, inter alia, California IWC Occupational

23        Wage Order No. 7-2001, and Title 8, California Code of Regulations, §§ 11090 and 3395.

24   **B.**    **Defendants.**

25   38.    At all relevant times herein, CLASSIC PARTY RENTALS, INC. and/or DOES engage in

26        the ownership and operation of facilities which rents a large range of wedding rentals,

27        banquet event rentals, party tents, dance floors, lighting, and table & chair items for parties

28

1    and events in the State of California.

2    39.   Defendant CLASSIC PARTY RENTALS, INC. claims to have "30+ years' experience and

3          the largest product selection" in renting party supplies. CLASSIC PARTY RENTALS,

4          https://classicpartyrentals.com (last viewed Dec. 1, 2017). "Classic Party Rentals is one of

5          the nation's largest event rental companies," with "hundreds of trucks on the road". *Id.*

6    40.   Defendant CLASSIC PARTY RENTALS, INC. claims to have an "extensive selection of

7          high-quality party rentals" and offers "sales support and product and event management

8          for more than 150,000 events per year including major sporting events, corporate events,

9          celebrity weddings, and private social events." *Id.*

10   41.   Defendant CLASSIC PARTY RENTALS, INC. has expanded to include "2.5 million

11         square feet of warehouse space, quality control and lean processes" and claims that their

12         "friendly and helpful support staff are at your service whenever you need". *Id.*

13   42.   Defendant CLASSIC PARTY RENTALS, INC. continues to grow their "network of 2,000

14         event professionals". *Id.* Some of which make up "knowledgeable support teams" who

15         "provide 24/7 assistance to meet your ever day need." *Id.*

16   43.   This network of 2,000 event professionals is made up hourly employees and are the

17         foundation of Defendant CLASSIC PARTY RENTALS, INC.'s success as a business.

18   44.   On information and belief, CLASSIC PARTY RENTALS, INC. and/or DOES exercised

19         control over the wages, hours, and/or working conditions of Plaintiff and members of the

20         proposed class throughout the liability period.

21   45.   CLASSIC PARTY RENTALS, INC. and/or DOES principal place of business is in the

22         State of California.

23   46.   The true names and capacities, whether individual, corporate, associate, or otherwise, of

24         Defendants DOES 1-100, inclusive, are presently unknown to Plaintiff, who therefore sues

25         these Defendants by such fictitious names under Code of Civil Procedure section 474.

26         Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants

27         designated herein as a DOE is legally responsible in some manner for the unlawful acts

28

1   referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the

2   true names and capacities of the Defendants designated hereinafter as DOES when such

3   identities become known.

4   47.   Plaintiff is informed and believes, and based thereon alleges, that each Defendant and/or

5   DOE acted in all respects pertinent to this action as the agent of the other Defendants and/or

6   DOES, carried out a joint scheme, business plan or policy in all respects pertinent hereto,

7   and the acts of each Defendants and/or DOES are legally attributable to the other

8   Defendants and/or DOES.

9   **III.   CLASS ACTION ALLEGATIONS**

10   48.   Plaintiff brings this action on behalf of himself and all others similarly situated as a class

11   action pursuant to section 382 of the California Code of Civil Procedure. Plaintiff seeks to

12   represent a Class composed of and defined as follows:

13

14   All persons who are employed or have been employed by Defendant

15   in the State of California as hourly, Non-Exempt workers during the

16   period of the relevant statute of limitations.

17

18   Plaintiff also seeks to represent subclasses composed of and defined as follows:

19

20   All persons who are or have been employed by CLASSIC PARTY

21   RENTALS, INC. and/or DOES in the State of California as hourly,

22   Non-Exempt workers during the period of the relevant statute of

23   limitations, who worked one (1) or more shifts in excess of five (5)

24   hours.

25

26   All persons who are or have been employed by CLASSIC PARTY

27   RENTALS, INC. and/or DOES in the State of California as hourly,

28

Non-Exempt workers during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of six (6) hours.

All persons who are or have been employed by CLASSIC PARTY RENTALS, INC. and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of ten (10) hours.

All persons who are or have been employed by CLASSIC PARTY RENTALS, INC. and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of twelve (12) hours.

All persons who are or have been employed by CLASSIC PARTY RENTALS, INC. and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of two (2) hours.

All persons who are or have been employed by CLASSIC PARTY RENTALS, INC. and/or DOES in the State of California as hourly, Non-Exempt workers during the period of the relevant statute of limitations, who worked one (1) or more shifts in excess of three (3) hour and one-half hours, but less than or equal to six (6) hours.

1

2        All persons who are or have been employed by CLASSIC PARTY

3        RENTALS, INC. and/or DOES in the State of California as hourly,

4        Non-Exempt workers during the period of the relevant statute of

5        limitations, who worked one (1) or more shifts in excess of six (6)

6        hours, but less than or equal to ten (10) hours.

7

8        All persons who are or have been employed by CLASSIC PARTY

9        RENTALS, INC. and/or DOES in the State of California as hourly,

10       Non-Exempt workers during the period of the relevant statute of

11       limitations, who worked one (1) or more shifts in excess of ten (10)

12       hours.

13

14       All persons who are or have been employed by CLASSIC PARTY

15       RENTALS, INC. and/or DOES in the State of California as hourly,

16       Non-Exempt workers during the period of the relevant statute of

17       limitations, who separated their employment from Defendant.

18

19       All persons who are or have been employed by CLASSIC PARTY

20       RENTALS, INC. and/or DOES in the State of California as hourly,

21       Non-Exempt workers during the period of the relevant statute of

22       limitations, who worked one (1) or more shifts in which they

23       received a wage statement for the corresponding pay period.

24

25       All persons who are or have been employed by CLASSIC PARTY

26       RENTALS, INC. and/or DOES in the State of California as hourly,

27       Non-Exempt workers during the period of the relevant statute of

28

1          limitations, who were deducted wages for meal periods.

2   49.   Plaintiff reserves the right under rule 1855, subdivision (b), California Rules of Court, to

3       amend or modify the Class description with greater specificity or further division into

4       subclasses or limitation to particular issues.

5   50.   This action has been brought and may properly be maintained as a class action under the

6       provisions of section 382 of the California Code of Civil Procedure because there is a well-

7       defined community of interest in the litigation and the proposed Class is easily

8       ascertainable.

9   **A.**   **Numerosity.**

10   51.   The potential members of the Class as defined are so numerous that joinder of all the

11       members of the Class is impracticable. While the precise number of Class members has

12       not been determined at this time, Plaintiff is informed and believes that CLASSIC PARTY

13       RENTALS, INC. and/or DOES currently employ, and during the liability period employed,

14       over two thousand (2,000) employees, all in the State of California, in positions as hourly

15       non-exempt employees.

16   52.   Accounting for employee turnover during the relevant periods increases this number

17       substantially. Upon information and belief, Plaintiff alleges CLASSIC PARTY

18       RENTALS, INC.'s and/or DOES' employment records will provide information as to the

19       number and location of all Class members. Joinder of all members of the proposed Class

20       is not practicable.

21   **B.**   **Commonality.**

22   53.   There are questions of law and fact common to the Class that predominate over any

23       questions affecting only individual Class members. These common questions of law and

24       fact include, without limitation:

25            (1)    Whether CLASSIC PARTY RENTALS, INC. and/or DOES

26         violated the Labor Code and/or applicable IWC Wage Orders in failing to

27         pay its non-exempt workers all earned wages at the regular rate for all hours

28

worked.

(2)     Whether CLASSIC PARTY RENTALS, INC.'s and/or DOES' uniform policies and/or practices whereby non-exempt workers were pressured and/or incentivized to forego taking meal and/or rest periods.

(3)     Whether CLASSIC PARTY RENTALS, INC. and/or DOES violated Labor Code section 226.7, IWC Wage Order No. 7-2001 or other applicable IWC Wage Orders, and/or California Code of Regulations, Title 8, section 11090, by failing to authorize, permit, and/or provide rest periods to its hourly, non-exempt employees for every four (4) hours or major fraction thereof worked and/or failing to pay said employees one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period was not authorized, permitted and/or provided.

(4)     Whether CLASSIC PARTY RENTALS, INC. and/or DOES violated Labor Code section 226.7 and/or California Code of Regulations, Title 8, section 3395, by failing to authorize, permit, and/or provide recovery periods to its hourly, non-exempt employees in accordance with section 3395.

(5)     Whether CLASSIC PARTY RENTALS, INC. and/or DOES willfully failed to pay, in a timely manner, wages owed to members of the proposed Class who left CLASSIC PARTY RENTALS, INC.'s and/or DOES' employ or who were terminated.

(6)     Whether CLASSIC PARTY RENTALS, INC. and/or DOES violated Labor Code section 203, which provides for the assessment of a penalty against the employer, by willfully failing to timely pay all wages owed to employees who left CLASSIC PARTY RENTALS, INC.'s and/or DOES' employ or who were terminated.

(7)   Whether CLASSIC PARTY RENTALS, INC. and/or DOES had uniform policies and/or practices of failing to provide employees accurate and itemized wage statements.

(8)   Whether CLASSIC PARTY RENTALS, INC. and/or DOES had uniform policies and/or practices of failing to timely pay all wages owed to employees who left CLASSIC PARTY RENTALS, INC.'s and/or DOES' employ or who were terminated.

54.   The answer to each of these respective questions will generate a common answer capable of resolving class-wide liability in one stroke.

55.   Said common questions predominate over any individualized issues and/or questions affecting only individual members.

C.   **Typicality.**

56.   The claims of the named Plaintiff are typical of the claims of the proposed class. Plaintiff and all members of the proposed class sustained injuries and damages arising out of and caused by CLASSIC PARTY RENTALS, INC.'s and/or DOES' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged.

57.   Plaintiff ZACHARY BLAIR was subjected to the same uniform policies and/or practices complained of herein that affected all such employees. Thus, as ZACHARY BLAIR was subjected to the same unlawful policies and practices as all hourly non-exempt employees, his claims are typical of the class he seeks to represent.

D.   **Adequacy of Representation.**

58.   Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.

59.   Plaintiff is ready and willing to take the time necessary to help litigate this case.

60.   Plaintiff has no conflicts that will disallow him to fairly and adequately represent and protect the interests of the members of the Class.

61. Counsel who represent Plaintiff are competent and experienced in litigating large employment class actions.

62. Specifically, William Turley, Esq., David Mara, Esq., Jill Vecchi, Esq., and Matthew Crawford, Esq. are California lawyers in good standing.

63. Mr. Turley regularly lectures lawyers on wage and hour class action issues. He has been a featured speaker on many ACI Wage and Hour Class Action presentations and Consumer Attorney of California Wage and Hour Class Action presentations.

64. Mr. Turley is listed as Amicus counsel on over 20 California Supreme Court decisions.

65. Mr. Turley and Mr. Mara wrote winning amicus briefs in two very worker friendly California Supreme Court cases: *Augustus v. ABM Security Servs.* (2016) 2 Cal.5th 257 and *Williams v. Superior Court* (decided July 13, 2017).

66. Mr. Turley is a Past President of Consumer Attorneys of San Diego and has been elected to the Board of Governors of the Consumer Attorneys of California for over 15 years. Mr. Turley is currently on and has been a member of the Consumer Attorneys of California Amicus Curie Committee for over 20 years.

67. Mr. Turley has had over 100 legal articles published, including some on California Labor Code.

68. Mr. Turley and Mr. Mara were appointed class counsel in the landmark California Supreme Court case, Brinker v. Superior Court and have been appointed as class counsel in many California wage and hour cases, in both State Court and Federal Court.

69. Mr. Turley testified before the California Senate in a committee hearing on September 3, 2015, regarding the new piece-rate bill, California Labor Code § 226.2.

70. On April 12, 2016 and April 20, 2016, Mr. Turley testified in front of the California Senate regarding an amendment to California Labor Code §§ 2698, *et seq*, the "Private Attorneys General Act" or "PAGA." Furthermore, Mr. Turley also participated in drafting the new amendment to PAGA.

71. The Turley & Mara Law Firm, APLC have the resources to take this case to trial and judgment, if necessary.

72. Mr. Turley and Mr. Mara have the experience, ability, and ways and means to vigorously prosecute this case.

E.   **Superiority of Class Action.**

73. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each member of the Class has been damaged and is entitled to recovery by reason of CLASSIC PARTY RENTALS, INC.'s and/or DOES' illegal policies and/or practices of failing to pay all straight time and overtime wages owed, failing to permit or authorize rest periods, failing to provide meal periods, knowingly and intentionally failing to comply with wage statement requirements, and failing to pay all wages due at termination.

74. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

75. Because such common questions predominate over any individualized issues and/or questions affecting only individual members, class resolution is superior to other methods for fair and efficient adjudication.

IV.   **CAUSES OF ACTION**

**FIRST CAUSE OF ACTION AGAINST CLASSIC PARTY RENTALS, INC. AND/OR DOES: Failure to Pay All Straight Time Wages**

76. Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

77. Defendant and/or DOES have had a continuous policy of not paying Plaintiff and those similarly situated for all hours worked.

78. It is fundamental that an employer must pay its employees for all time worked. California Labor Code sections 218 and 218.5 provides a right of action for nonpayment of wages.

Labor Code section 222 prohibits the withholding of part of a wage. Labor Code section 223 prohibits the pay of less than a statutory or contractual wage scale. Labor Code section 1197 prohibits the payment of less than the minimum wage. Labor Code section 224 only permits deductions from wages when the employer is required or empowered to do so by state or federal law or when the deduction is expressly authorized in writing by the employee for specified purposes that do not have the effect of reducing the agreed upon wage.

79. Plaintiff and those similarly situated Class members were employed by CLASSIC PARTY RENTALS, INC. and/or DOES at all relevant times. CLASSIC PARTY RENTALS, INC. and/or DOES were required to compensate Plaintiff for all hours worked and were prohibited from making deductions that had the effect of reducing the agreed upon wage.

80. Defendant and/or DOES have a continuous and consistent policy of clocking-out Plaintiff and those similarly situated for a thirty (30) minute meal period, even though Plaintiff and all members of the Class work through their meal periods. Thus, CLASSIC PARTY RENTALS, INC. and/or DOES do not pay Plaintiff and each and every member of the Class for all time worked each and every day they work without a meal period and have time deducted.

81. Plaintiff and those similarly situated Class members are informed and believe and thereon allege that CLASSIC PARTY RENTALS, INC. and/or DOES breached the legal duty to pay full wages to Plaintiff by deducting a portion of the wages earned when Plaintiff's and the Class members' actual time records indicate that a meal period was not taken. CLASSIC PARTY RENTALS, INC. and/or DOES did not make reasonable efforts to determine whether the time deducted was actually worked as reported by Plaintiff and Class members. CLASSIC PARTY RENTALS, INC. and/or DOES, without a reasonable basis, presumed that actual reported hours had not been accurately reported. The conduct complained of is a form of what is sometimes called "dinging," "shaving," or "scrubbing" and is prohibited by law.

82. Defendant, and/or DOES have a continuous and consistent policy of not paying Plaintiff and those similarly situated for all time worked, including before Plaintiff and those similarly situated clock in for work shifts and after they clock out after work shifts.

83. Defendant and/or DOES have a continuous and consistent policy of shaving the time Plaintiff and those similarly situated work (referred to as "time shaving").

84. Thus, CLASSIC PARTY RENTALS, INC. and/or DOES shave/steal earned wages from Plaintiff and each and every member of the Class each and every day they work. CLASSIC PARTY RENTALS, INC. and/or DOES have not paid Plaintiff and the members of the Class all straight time wages owed.

85. Plaintiff and the Class members are informed and believe and thereon allege that as a direct result of Defendant's and/or DOES' uniform policies and/or practices, Plaintiff and the Class members have suffered, and continue to suffer, substantial unpaid wages, and lost interest on such wages, and expenses and attorneys' fees in seeking to compel CLASSIC PARTY RENTALS, INC. and/or DOES to fully perform their obligations under state law, all to their respective damage in amounts, according to proof at trial.

86. As a direct result of CLASSIC PARTY RENTALS, INC.'s and/or DOES' policy of illegal wage theft, Plaintiff and those similarly situated have been damaged in an amount to be proven at trial.

87. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

**SECOND CAUSE OF ACTION AGAINST CLASSIC PARTY RENTALS, INC. AND/OR DOES: Failure to Pay All Overtime Wages**

88. Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

89. It is fundamental that an employer must pay its employees for all time worked. California Labor Code sections 218 and 218.5 provides a right of action for nonpayment of wages. Labor Code section 222 prohibits the withholding of part of a wage. Labor Code section 223 prohibits the pay of less than a statutory or contractual wage scale. Labor Code section

1197 prohibits the payment of less than the minimum wage. Labor Code section 224 only permits deductions from wages when the employer is required or empowered to do so by state or federal law or when the deduction is expressly authorized in writing by the employee for specified purposes that do not have the effect of reducing the agreed upon wage.

90.   CLASSIC PARTY RENTALS, INC. and/or DOES failed to pay overtime when employees worked over eight (8) hours per day and when employees worked over forty (40) hours per week.

91.   Plaintiff and those similarly situated Class members were employed by CLASSIC PARTY RENTALS, INC. and/or DOES at all relevant times. CLASSIC PARTY RENTALS, INC. and/or DOES were required to compensate Plaintiff for all overtime hours worked and were prohibited from making deductions that had the effect of reducing the agreed upon wage.

92.   CLASSIC PARTY RENTALS, INC. and/or DOES failed to pay for the overtime that was due, pursuant to IWC Wage Order No. 7-2001, item 3(A).

93.   Plaintiff and the Class members are informed and believe and thereon allege that as a direct result of Defendant's and/or DOES' uniform policies and/or practices, Plaintiff and the Class members have suffered, and continue to suffer, substantial unpaid overtime wages, and lost interest on such overtime wages, and expenses and attorneys' fees in seeking to compel CLASSIC PARTY RENTALS, INC. and/or DOES to fully perform their obligations under state law, all to their respective damage in amounts according to proof at time of trial. CLASSIC PARTY RENTALS, INC. and/or DOES committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention on injuring Plaintiff and the Class members. CLASSIC PARTY RENTALS, INC. and/or DOES acted with malice or in conscious disregard of Plaintiff's and the Class Member's rights. In addition to compensation, Plaintiff is also entitled to any penalties allowed by law.

94.   WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described

1    below.

2    **THIRD CAUSE OF ACTION AGAINST CLASSIC PARTY RENTALS, INC.
3    AND/OR DOES:** Failure to Provide Meal Periods, or Compensation in Lieu Thereof
     (Lab. Code §§ 226.7, 512, IWC Wage Order No. 7-2001(11); Cal. Code Regs., tit. 8, §
4    11090)

5    95.  Plaintiff and those similarly situated Class members hereby incorporate by reference each

6         and every other paragraph in this Complaint herein as if fully plead.

7    96.  Under California Labor Code section 512 and IWC Wage Order No. 7, no employer shall

8         employ any person for a work period of more than five (5) hours without providing a meal

9         period of not less than thirty (30) minutes. During this meal periods of not less than thirty

10        (30) minutes, the employee is to be completely free of the employer's control and must not

11        perform any work for the employer. If the employee does perform work for the employer

12        during the thirty (30) minute meal period, the employee has not been provided a meal

13        period in accordance with the law. Also, the employee is to be compensated for any work

14        performed during the thirty (30) minute meal period.

15   97.  In addition, an employer may not employ an employee for a work period of more than ten

16        (10) hours per day without providing the employee with another meal period of less than

17        thirty (30) minutes.

18   98.  Under California Labor Code section 226.7, if the employer does not provide an employee

19        a meal period in accordance with the above requirements, the employer shall pay the

20        employee one (1) hour of pay at the employee's regular rate of compensation for each

21        workday that the meal period is not provided.

22   99.  CLASSIC PARTY RENTALS, INC. and/or DOES failed to provide thirty (30) minute,

23        uninterrupted meal periods to its Non-Exempt Employees who worked for work periods of

24        more than five (5) consecutive hours. As such, CLASSIC PARTY RENTALS, INC. and/or

25        DOES non-exempt employees were required to work over five (5) consecutive hours at a

26        time without being provided a thirty (30) minute uninterrupted meal period within that

27        time.

28   100. CLASSIC PARTY RENTALS, INC. and/or DOES failed to provide thirty (30) minute,

1    uninterrupted meal periods to its Non-Exempt Employees for every five (5) continuous

2    hours worked.

3    101.   CLASSIC PARTY RENTALS, INC.'s and/or DOES' business model is such that Non-

4    Exempt Employees were assigned too much work and insufficient help due to chronic

5    understaffing to be able to take meal periods. Thus, Non-Exempt Employees are not able

6    to take meal periods.

7    102.   Throughout the statutory period, CLASSIC PARTY RENTALS, INC. and/or DOES had a

8    pattern and practice of assigning too much work to be completed in too short of time

9    frames, resulting in Plaintiff and those similarly situated not being able to take meal

10   periods.

11   103.   CLASSIC PARTY RENTALS, INC. and/or DOES would not permit Plaintiff and the

12   Class to take 30-minute meal periods unless specifically scheduled by Defendant and/or

13   DOES or unless Plaintiff and the Class were expressly told to by Defendant and/or DOES.

14   This routinely resulted in Plaintiff and the Class members not being able to take a meal

15   period, if at all, until after the fifth hour.

16   104.   CLASSIC PARTY RENTALS, INC. and/or DOES did not have a policy of providing a

17   second meal period before the end of the tenth hour.

18   105.   Failing to provide compensation for such unprovided or improperly provided meal periods,

19   as alleged above, CLASSIC PARTY RENTALS, INC. and/or DOES willfully violated the

20   provisions of Labor Code sections 226.7, 512, and IWC Wage Order No. 7.

21   106.   As a result of the unlawful acts of CLASSIC PARTY RENTALS, INC. and/or DOES,

22   Plaintiff and the Class he seeks to represent have been deprived of premium wages, in

23   amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest

24   and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 226.7, and

25   IWC Wage Order No. 7-2001. Plaintiff and the Class he seeks to represent did not willfully

26   waive their right to take meal periods through mutual consent with CLASSIC PARTY

27   RENTALS, INC. and/or DOES.

28

107. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

**FOURTH CAUSE OF ACTION AGAINST CLASSIC PARTY RENTALS, INC. AND/OR DOES: Failure to Authorize and Permit Rest Periods (Lab. Code § 226.7; IWC Wage Order No. 7-2001(12); Cal. Code Regs. Title 8 § 11090)**

108. Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein, as if fully plead.

109. Under IWC Wage Order No. 7, every employer shall authorize and permit all employees to take rest periods, "[t]he authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof." IWC Wage Order 7-2001(12). The time spent on rest periods "shall be counted as hours worked for which there shall be no deduction from wages." *Id.*

110. Under California Labor Code section 226.7, if the employer does not provide an employee a rest period in accordance with the above requirements, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

111. At all relevant times, Defendant and/or DOES failed to authorize and/or permit rest period time based upon the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.

112. In the alternative, CLASSIC PARTY RENTALS, INC. and/or DOES business model was such that Non-Exempt Employees were assigned too much work with insufficient help due to chronic understaffing whereby Plaintiff and the Class had to work through their rest periods.

113. Throughout the statutory period, CLASSIC PARTY RENTALS, INC. and/or DOES had a pattern and practice of assigning too much work to be completed in too short of time frames, resulting in Plaintiff and those similarly situated not being able to take rest periods.

114. As a result of the unlawful acts of CLASSIC PARTY RENTALS, INC. and/or DOES, Plaintiff and the Class he seeks to represent have been deprived of premium wages, in

1  amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest

2  and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 226.7, and

3  IWC Wage Order No. 7-2001.

4  115.  WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described

5  below.

6  **FIFTH CAUSE OF ACTION AGAINST CLASSIC PARTY RENTALS, INC.**

7  **AND/OR DOES: Knowing and Intentional Failure to Comply with Itemized**

8  **Employee Wage Statement Provisions (Lab. Code §§ 226, 1174, 1175; IWC Wage Order No. 7; Cal. Code Regs., Title 8, § 11040)**

9  116.  Plaintiff and those similarly situated Class members hereby incorporate by reference each

10  and every other paragraph in this Complaint herein as if fully plead.

11  117.  Labor Code section 226 subdivision (a) requires Defendant and/or DOES to, inter alia,

12  itemize in wage statements and accurately report the total hours worked and total wages

13  earned. CLASSIC PARTY RENTALS, INC. and/or DOES have knowingly and

14  intentionally failed to comply with Labor Code section 226, subdivision (a), on each and

15  every wage statement provided to Plaintiff ZACHARY BLAIR and members of the

16  proposed Class.

17  118.  Labor Code section 1174 requires CLASSIC PARTY RENTALS, INC. and/or DOES to

18  maintain and preserve, in a centralized location, records showing the daily hours worked

19  by and the wages paid to its employees. CLASSIC PARTY RENTALS, INC. and/or DOES

20  have knowingly and intentionally failed to comply with Labor Code section 1174. The

21  failure of CLASSIC PARTY RENTALS, INC. and/or DOES, and each of them, to comply

22  with Labor Code section 1174 is unlawful pursuant to Labor Code section 1175.

23  119.  CLASSIC PARTY RENTALS, INC. and/or DOES failed to maintain accurate time records

24  - as required by IWC Wage Order No. 7-2001(7), and Cal. Code Regs., Title 8 section

25  11090 - showing, among other things, when the employee begins and ends each work

26  period, the total daily hours worked in itemized wage statements, total wages, bonuses

27  and/or incentives earned, and all deductions made.

28  120.  CLASSIC PARTY RENTALS, INC. and/or DOES have knowingly and intentionally

1   failed to provide Plaintiff and the Class members with accurate itemized wage statements

2   which show: "(1) gross wages earned, (2) total hours worked by the employee, . . . (4) all

3   deductions, provided that all deductions made on written orders of the employee may be

4   aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the

5   period for which the employee is paid, (7) the name of the employee and only the last four

6   digits of his or her social security number or an employee identification number other than

7   a social security number, (8) the name and address of the legal entity that is the employer

8   and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section

9   1682, the name and address of the legal entity that secured the services of the employer,

10   and (9) all applicable hourly rates in effect during the pay period and the corresponding

11   number of hours worked at each hourly rate by the employee[.]" Labor Code section

12   226(a).

13   121.   As a direct result of CLASSIC PARTY RENTALS, INC. and/or DOES unlawful acts,

14   Plaintiff and the Class he intends to represent have been damaged and are entitled to

15   recovery of such amounts, plus interest thereon, attorneys' fees, and costs, pursuant to

16   Labor Code section 226.

17   122.   WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described

18   below.

19   **SIXTH CAUSE OF ACTION AGAINST CLASSIC PARTY RENTALS, INC.
20   AND/OR DOES: Failure to Pay All Wages Due at the Time of Termination from
     Employment (Lab. Code §§ 201-203)**

21   123.   Plaintiff and those similarly situated Class members hereby incorporate by reference each

22   and every other paragraph in this Complaint herein as if fully plead.

23   124.   Plaintiff ZACHARY BLAIR terminated his employment with CLASSIC PARTY

24   RENTALS, INC. and/or DOES.

25   125.   Whether Plaintiff ZACHARY BLAIR voluntarily or involuntarily terminated his

26   employment with CLASSIC PARTY RENTALS, INC. and/or DOES, Defendant and/or

27   DOES did not timely pay him straight time wages owed at the time of his termination.

28

CLASS ACTION COMPLAINT                                25

126. Whether Plaintiff ZACHARY BLAIR voluntarily or involuntarily terminated his employment with CLASSIC PARTY RENTALS, INC. and/or DOES, Defendant and/or DOES did not timely pay him overtime wages owed at the time of his termination.

127. Whether Plaintiff ZACHARY BLAIR voluntarily or involuntarily terminated his employment with CLASSIC PARTY RENTALS, INC. and/or DOES, Defendant and/or DOES did not timely pay him meal and/or rest period premiums owed at the time of his termination.

128. Numerous members of the Class are no longer employed by CLASSIC PARTY RENTALS, INC. and/or DOES. They were either fired or quit CLASSIC PARTY RENTALS, INC.'s and/or DOES' employ. CLASSIC PARTY RENTALS, INC. and/or DOES did not pay all timely wages owed at the time of their termination. CLASSIC PARTY RENTALS, INC. and/or DOES did not pay all premium wages owed at the time of their termination.

129. Labor Code section 203 provides that, if an employer willfully fails to pay, without abatement or reduction, in accordance with Labor Code sections 201, 201.5, 202 and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue at the same rate, for up to thirty (30) days from the due date thereof, until paid or until an action therefore is commenced.

130. CLASSIC PARTY RENTALS, INC. and/or DOES failed to pay Plaintiff ZACHARY BLAIR a sum certain at the time of his termination or within seventy-two (72) hours of his resignation, and have failed to pay those sums for thirty (30) days thereafter. Pursuant to the provisions of Labor Code section 203, Plaintiff ZACHARY BLAIR is entitled to a penalty in the amount of his daily wage, multiplied by thirty (30) days.

131. When Plaintiff and those members of the Class who are former employees of CLASSIC PARTY RENTALS, INC. and/or DOES separated from Defendant's and/or DOES' employ, Defendant and/or DOES willfully failed to pay all straight time wages, overtime wages, meal period premiums, and/or rest period premiums owed at the time of

1     termination.

2   132.   CLASSIC PARTY RENTALS, INC. and/or DOES failure to pay said wages to Plaintiff

3         ZACHARY BLAIR and members of the Class he seeks to represent, was willful in that

4         CLASSIC PARTY RENTALS, INC. and/or DOES and each of them knew the wages to

5         be due, but failed to pay them.

6   133.   As a consequence of CLASSIC PARTY RENTALS, INC.'s and/or DOES' willful conduct

7         in not paying wages owed at the time of separation from employment, Plaintiff ZACHARY

8         BLAIR and members of the proposed Class are entitled to thirty (30) days' worth of wages

9         as a penalty under Labor Code section 203, together with interest thereon and attorneys'

10        fees and costs.

11   134.   WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described

12        below.

13
14     **SEVENTH CAUSE OF ACTION AGAINST CLASSIC PARTY RENTALS, INC. AND/OR DOES:** Violation of Unfair Competition Law **(California Bus. & Prof. Code, § 17200, et seq.)**

15   135.   Plaintiff and those similarly situated Class members hereby incorporate by reference each

16        and every other paragraph in this Complaint herein as if fully plead.

17   136.   CLASSIC PARTY RENTALS, INC. and/or DOES failure to pay all straight time and

18        overtime wages earned, failure to provide compliant meal and/or rest breaks and/or

19        compensation in lieu thereof, failure to itemize and keep accurate records, failure to pay all

20        wages due at time of termination, as alleged herein, constitutes unlawful activity prohibited

21        by California Business and Professions Code section 17200, et seq.

22   137.   The actions of CLASSIC PARTY RENTALS, INC. and/or DOES in failing to pay Plaintiff

23        and members of the proposed Class in a lawful manner, as alleged herein, constitutes false,

24        unfair, fraudulent and deceptive business practices, within the meaning of California

25        Business and Professions Code section 17200, et seq.

26   138.   Plaintiff is entitled to an injunction and other equitable relief against such unlawful

27        practices in order to prevent future damage, for which there is no adequate remedy at law.

28

1    and to avoid a multiplicity of lawsuits. Plaintiff brings this cause individually and as

2    members of the general public actually harmed and as a representative of all others subject

3    to CLASSIC PARTY RENTALS, INC. and/or DOES unlawful acts and practices.

4    139.   As a result of their unlawful acts, CLASSIC PARTY RENTALS, INC. and/or DOES have

5         reaped and continue to reap unfair benefits at the expense of Plaintiff and the proposed

6         Class he seeks to represent. CLASSIC PARTY RENTALS, INC. and/or DOES should be

7         enjoined from this activity and made to disgorge these ill-gotten gains and restore Plaintiff

8         and the members of the proposed Class pursuant to Business and Professions Code section

9         17203. Plaintiff is informed and believes, and thereon alleges, that Defendants and/or

10        DOES are unjustly enriched through their policy of not all wages owed to Plaintiff and

11        members of the proposed Class.

12   140.   Plaintiff is informed and believes, and thereon alleges, that Plaintiff and members of the

13        proposed class are prejudiced CLASSIC PARTY RENTALS, INC. and/or DOES unfair

14        trade practices.

15   141.   As a direct and proximate result of the unfair business practices of CLASSIC PARTY

16        RENTALS, INC. and/or DOES, and each of them, Plaintiff, individually and on behalf of

17        all employees similarly situated, are entitled to equitable and injunctive relief, including

18        full restitution and/or disgorgement of all wages and premium pay which have been

19        unlawfully withheld from Plaintiff and members of the proposed Class as a result of the

20        business acts and practices described herein and enjoining CLASSIC PARTY RENTALS,

21        INC. and/or DOES from engaging in the practices described herein.

22   142.   The illegal conduct alleged herein is continuing, and there is no indication that CLASSIC

23        PARTY RENTALS, INC. and/or DOES will cease and desist from such activity in the

24        future. Plaintiff alleges that if CLASSIC PARTY RENTALS, INC. and/or DOES are not

25        enjoined from the conduct set forth in this Complaint, they will continue the unlawful

26        activity discussed herein.

27   143.   Plaintiff further requests that the Court issue a preliminary and permanent injunction

28

1    prohibiting CLASSIC PARTY RENTALS, INC. and/or DOES from continuing to not pay

2    Plaintiff and the members of the proposed Class overtime wages as discussed herein.

3  144.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described

4    below.

5  **V.    PRAYER FOR RELIEF**

6  WHEREFORE, Plaintiff prays for judgment as follows:

7    A.  That the Court determine that this action may be maintained as a class action;

8    B.  For compensatory damages, in an amount according to proof at trial, with interest

9        thereon;

10   C.  For economic and/or special damages in an amount according to proof with interest

11       thereon;

12   D.  For unpaid straight time and overtime wages, in an amount according to proof at trial,

13       with interest thereon;

14   E.  For compensation for all time worked;

15   F.  For compensation for not being provided paid rest breaks;

16   G.  For compensation for not being provided paid meal periods;

17   H.  For damages and/or monies owed for failure to comply with itemized employee wage

18       statement provisions;

19   I.  For all waiting time penalties owed;

20   J.  That Defendant be found to have engaged in unfair competition in violation of sections

21       17200 et seq. of the California Business and Professions Code;

22   K.  That Defendant be ordered and enjoined to make restitution to the Class due to their

23       unfair competition, including disgorgement of their wrongfully withheld wages

24       pursuant to California Business and Professions Code sections 17203 and 17204;

25   L.  That an order of specific performance of all penalties owed be issued under Business

26       and Professions Code sections 17202;

27   M.  That Defendant be enjoined from continuing the illegal course of conduct, alleged

28

CLASS ACTION COMPLAINT                        29

1       herein;

2     N. That Defendant further be enjoined to cease and desist from unfair competition in

3         violation of section 17200 et seq. of the California Business and Professions Code;

4     O. That Defendant be enjoined from further acts of restraint of trade or unfair competition;

5     P. For attorneys' fees;

6     Q. For interest accrued to date;

7     R. For costs of suit and expenses incurred herein; and

8     S. For any such other and further relief as the Court deems just and proper.

9 Dated:                      THE TURLEY & MARA LAW FIRM, APLC

10

11

12                             William Turley, Esq.

13                             David Mara, Esq.

                               Jill Vecchi, Esq.

14                             Matthew Crawford, Esq.

15                             Representing Plaintiff ZACHARY BLAIR

                             on behalf of himself, all others similarly situated,

16                             and on behalf of the general public.

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT C

FILED

1   William Turley, Esq. (SBN 122408)
2   David Mara, Esq. (SBN 230498)
    Jill Vecchi, Esq. (SBN 299333)
3   Nikki Ousdahl, Esq. (SBN 316007)
    **THE TURLEY AND MARA LAW FIRM, APLC**
4   7428 Trade Street
    San Diego, California 92121
5   Telephone: (619) 234-2833
6   Facsimile: (619) 234-4048

7   Attorneys for Plaintiff ZACHARY BLAIR, on
8   behalf of himself, all others similarly situated, and
    on behalf of the general public.

9

10

11

12              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13                 **IN AND FOR THE COUNTY OF STANISLAUS**

14

15   ZACHARY BLAIR on behalf of himself, all    Case No.: 9000670 - *l*
16   others similarly situated, and on behalf of the
     general public.                            **PLAINTIFF ZACHARY BLAIR'S**
17                                              **AMENDMENT TO CLASS ACTION**
                                                **COMPLAINT NAMING DOES 2 AND 3**
18              Plaintiff,

19                                              Complaint Filed: Dec. 7, 2017
20   v.                                         Trial Date: None Set

21   CLASSIC PARTY RENTALS, INC.; CP
     OPCO, LLC dba CLASSIC PARTY
22   RENTALS; and DOES 2-100,

23
24              Defendants.
25

26

27

28

AMENDMENT TO CLASS ACTION COMPLAINT;
[PROPOSED] ORDER

1

2019 JAN 14  AM 11: 46

CLERK OF THE SUPERIOR COURT
COUNTY OF STANISLAUS
BY
_____ DEPUTY

Upon filing of the Complaint, the Plaintiff being ignorant of the true names of the following Defendants and having designated some of the Defendants in the Complaint by fictitious names, hereby identifies them by their true names as follows:

DOE 2:        BRIGHT EVENT RENTALS, LLC

DOE 3:        HARTMANN STUDIOS, INC. dba STANDARD PARTY RENTALS

Dated: December 5, 2018                    THE TURLEY AND MARA LAW FIRM, APLC

William Turley, Esq.
David Mara, Esq.
Jill Vecchi, Esq.
Nikki Ousdahl, Esq.
Attorneys for Plaintiff ZACHARY BLAIR on
behalf of himself, all others similarly situated,
and on behalf of the general public.

AMENDMENT TO CLASS ACTION COMPLAINT;
[PROPOSED] ORDER
                                     2

**EXHIBIT D**

FILED

2019 JAN 14  AM 11: 46

CLERK OF THE SUPERIOR COURT
COUNTY OF STANISLAUS

BY _____
                        DEPUTY

William Turley, Esq. (SBN 122408)
David Mara, Esq. (SBN 230498)
Jill Vecchi, Esq. (SBN 299333)
Nikki Ousdahl, Esq. (SBN 316007)
THE TURLEY AND MARA LAW FIRM, APLC
7428 Trade Street
San Diego, California 92121
Telephone: (619) 234-2833
Facsimile: (619) 234-4048

Attorneys for Plaintiff ZACHARY BLAIR, on
behalf of himself, all others similarly situated, and
on behalf of the general public.

CMC
3/4/19
D 21

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF STANISLAUS

ZACHARY BLAIR on behalf of himself, all others similarly situated, and on behalf of the general public.

                    Plaintiff,

v.

CLASSIC PARTY RENTALS, INC.; CP OPCO, LLC dba CLASSIC PARTY RENTALS; and DOES 2-100,

                    Defendants.

Case No.: 9000670  -C

 ORDER

Complaint Filed: Dec. 7, 2017
Trial Date: None Set

[PROPOSED] ORDER

████████ ORDER

This Court orders the Amendment to the Complaint naming Doe Defendant 2 as BRIGHT EVENT RENTALS, LLC and Doe Defendant 3 as HARTMANN STUDIOS, INC. dba STANDARD PARTY RENTALS approved and filed.

Dated: _Dec. 18, 2018_

_Marie S Silveira_

Judge of the Superior Court
MARIE SOVEY SILVEIRA

[PROPOSED] ORDER

2

# EXHIBIT E

David Mara, Esq. (SBN 230498)
Matthew Crawford, Esq. (SBN 310230)
**MARA LAW FIRM, PC**
2650 Camino Del Rio North, Suite 205
San Diego, California 92108
Telephone: (619) 234-2833
Facsimile: (619) 234-4048

Attorneys for Plaintiff ZACHARY BLAIR, on
behalf of himself, all others similarly situated, and
on behalf of the general public.

Electronically Filed
3/12/2020 11:20 AM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Christine Zulim, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF STANISLAUS

| | |
|---|---|
| ZACHARY BLAIR on behalf of himself, all others similarly situated, and on behalf of the general public.<br><br>Plaintiff,<br><br>v.<br><br>CLASSIC PARTY RENTALS, INC.; CP OPCO, LLC dba CLASSIC PARTY RENTALS; and DOES 3-100,<br><br>Defendants. | Case No.: 9000670<br><br>[PROPOSED] ORDER GRANTING AMENDMENT TO CLASS ACTION COMPLAINT NAMING DOES 4, 5, 6, 7, 8, 9, 10, AND 11<br><br>Complaint Filed: Dec. 7, 2017<br>Trial Date: None Set |

[PROPOSED] ORDER

1

## [~~PROPOSED~~] ORDER

This Court orders the Amendment to the Complaint naming Doe Defendant 4 as INSPERITY PEO SERVICES, L.P., Doe Defendant 5 as APOLLO GLOBAL MANAGEMENT, INC., Doe Defendant 6 as APOLLO CENTRE STREET PARTNERSHIP, L.P., Doe Defendant 7 as APOLLO FRANKLIN PARTNERSHIP, L.P., Doe Defendant 8 as APOLLO CREDIT OPPORTUNITY FUND III AIV LP, Doe Defendant 9 as APOLLO SK STRATEGIC INVESTMENTS, L.P., Doe Defendant 10 as APOLLO SPECIAL OPPORTUNITIES MANAGED ACCOUNT, L.P., and Doe Defendant 11 as APOLLO ZEUS STRATEGIC INVESTMENTS, L.P. approved and filed.

Dated:  March 12, 2020

_Marie S. Silveira_

Judge of the Superior Court
Marie Silveira

# EXHIBIT F

1  David Mara, Esq. (SBN 230498)
2  Matthew Crawford, Esq. (SBN 310230)
   **MARA LAW FIRM, PC**
3  2650 Camino del Rio N., Suite 205
   San Diego, California 92108
4  Telephone:  (619) 234-2833
   Facsimile:  (619) 234-4048
5
6  Attorneys for Plaintiff ZACHARY BLAIR, on
   behalf of himself, all others similarly situated,
7  and on behalf of the general public

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       IN AND FOR THE COUNTY OF STANISLAUS

10
   ZACHARY BLAIR, on behalf of himself        Case No. 9000670
11 and all others similarly situated, and on
   behalf of the general public,
12
                        Plaintiff,
13                                             **NOTICE OF CASE MANAGEMENT**
14 v.                                          **CONFERENCE**

15 CLASSIC PARTY RENTALS, INC.; CP
   OPCO, LLC dba CLASSIC PARTY
16 RENTALS; INSPERITY PEO SERVICES,
   L.P.; APOLLO GLOBAL
17 MANAGEMENT, INC.; APOLLO                    Complaint Filed: December 7, 2017
   CENTRE STREET PARTNERSHIP, L.P.;            Trial Date: None Set
18 APOLLO FRANKLIN PARTNERSHIP,
   L.P.; APOLLO CREDIT OPPORTUNITY
19 FUND III AIV LP; APOLLO SK
   STRATEGIC INVESTMENTS, L.P.;
20 APOLLO SPECIAL OPPORTUNITIES
   MANAGED ACCOUNT, L.P.; APOLLO
21 ZEUS STRATEGIC INVESTMENTS,
   L.P.; and DOES 12-100,
22
                        Defendants.
23

24

25

26

27

28

   NOTICE OF CASE MANAGEMENT CONFERENCE                         Case No. 9000670

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

      **NOTICE IS HEREBY GIVEN** that a Case Management Conference is set for October 13, 2020 at 3:00 p.m. in Department 21 of the Stanislaus County Superior Court, located at 801 10th Street, Modesto, California 95354.

                                           **MARA LAW FIRM, PC**

Date:   June 24, 2020                      Signed: _____

                                         Matthew Crawford, Esq.
                                         Attorneys for Plaintiff

# EXHIBIT G



FILED

2019 OCT 16  PM 2:08

CLERK OF C..SUPERIOR COURT
COUNTY OF STANISLAUS
BY _____
                        DEPUTY

1

2

3

4

5

6

7

SUPERIOR COURT OF THE STATE OF CALIFORNIA

8

IN AND FOR THE COUNTY OF STANISLAUS

9

10

| | |
|---|---|
| ZACHARY BLAIR, on behalf of himself, all others similarly situated, and on behalf of the general public | Case No.  9000670 |
| | [████████] ORDER GRANTING PLAINTIFF ZACHARY BLAIR'S MOTION FOR CLASS CERTIFICATION |
| Plaintiff, | |
| v. | Judge: Hon. Marie Sovey Silveira |
| | Dept.: 21 |
| | Date: October 11, 2019 |
| CLASSIC PARTY RENTALS, INC.; CP OPCO, LLC dba CLASSIC PARTY RENTALS; and DOES 3-100, inclusive | Time: 8:30 a.m. |
| | Complaint Filed: December 7, 2017 |
| | Trial Date: None Set |
| Defendants. | |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2                            [PROPOSED] ORDER

3         Plaintiff Zachary Blair's Motion for Class Certification came on regularly for hearing before

4   this Court on October 11, 2019 at 8:30 a.m. in Department 21 of the Stanislaus County Superior Court,

5   located at 801 10th Street, Modesto, California 95354. The Court, having considered all papers and

6   pleadings on file herein, the arguments of counsel, and the entire record in this action; and for good

7   cause shown, IT IS HEREBY ORDERED:

8         Plaintiff's Motion for Class Certification is GRANTED in full.  The Court certifies the

9   following Class and Subclasses:

10              a.   A Class of all present and former non-exempt driver, assistant driver, and organizer

11                   employees of CP OPCO who were paid on an hourly basis and who worked at a CP

12                   OPCO facility in California at any time from December 7, 2013 to the date the Court

13                   issues an order certifying the class.

14              b.   A Subclass of all current and former non-exempt driver, assistant driver, and organizer

15                   employees of CP OPCO who were paid on an hourly basis and who worked at an CP

16                   OPCO facility in California and who worked one or more work period in excess of

17                   five (5) consecutive hours without receiving a thirty (30) minute meal period during

18                   which the Class Member was relieved of all duties at any time from December 7, 2013

19                   to the date the Court issues an order certifying the class.

20              c.   A Subclass of all current and former non-exempt driver, assistant driver, and organizer

21                   employees of CP OPCO who were paid on an hourly basis and who worked at a CP

22                   OPCO facility in California and who worked one or more work period in excess of

23                   ten (10) consecutive hours any time from December 7, 2013 to the date the Court

24                   issues an order certifying the class.

25              d.   A Subclass of all current and former non-exempt driver, assistant driver, and organizer

26                   employees of CP OPCO who were paid on an hourly basis and who worked at a CP

27                   OPCO facility in California and who worked one or more work period in excess of

28                   three and a half (3½) hours at any time from December 7, 2013 to the date the Court

1  issues an order certifying the class.

2      e.   A Subclass of all current and former non-exempt driver, assistant driver, and organizer

3  employees of CP OPCO who were paid on an hourly basis and who worked at a CP

4  OPCO facility in California and whose time records show 30-minutes of time

5  deducted from his/her total shift any time from December 7, 2013 to the date the Court

6  issues an order certifying the class.

7      f.   A Subclass of all current and former non-exempt driver, assistant driver, and organizer

8  employees of CP OPCO who were paid on an hourly basis and who worked at a CP

9  OPCO facility in California and who received a wage statement any time between

10  December 7, 2016 to the date the Court issues an order certifying the class.

11      g.   A Subclass of all current and former non-exempt driver, assistant driver, and organizer

12  employees of CP OPCO who were paid on an hourly basis and who worked at a CP

13  OPCO facility in California and whose employment ended any time between

14  December 7, 2014 to the date the Court issues an order certifying the class.

15      h.   A Subclass of all current and former non-exempt driver, assistant driver, and organizer

16  employees of CP OPCO who were paid on an hourly basis and who worked at a CP

17  OPCO facility in California at any time between December 7, 2013 through the date

18  the Court issues an order certifying the class.

19  Certification of the Class and Subclasses is appropriate pursuant to Code of Civil Procedure

20  § 382 because:

21      a.   The Class and Subclasses are each sufficiently numerous that joinder of all members

22  is impracticable;

23      b.   There exists an ascertainable Class and Subclasses;

24      c.   There are questions of law and fact common to members of the Class and Subclasses;

25      d.   Common questions of law and fact predominate over questions affecting only

26  individual members;

27      e.   The Class Representative has claims typical of the Class and Subclasses;

28      f.   The Class Representative and Class Counsel will fairly and adequately represent the

[PROPOSED] ORDER GRANTING CLASS CERTIFICATION                              CASE NO. 9000670

3

1   Class and Subclasses;

2   g. A Class action is superior to other methods available for the fair and efficient

3   adjudication of the controversy; and

4   h. This action is manageable as a class action.

5   IT IS FURTHER ORDERED that Plaintiff Zachary Blair is appointed as Class

6   Representative. David Mara of Mara Law Firm, PC, is appointed as Class Counsel.

7   IT IS FURTHER ORDERED THAT no later than fourteen (14) days after the date of this

8   Order, Plaintiff is to draft a proposed form of notice to be mailed to the Class by Plaintiff and submit

9   the same to the Court.

10   **IT IS SO ORDERED.**

11

12   Date: _Oct 11_ , 2019

13   Honorable Marie Sovey Silveira
     Judge of the Superior Court of California

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING CLASS CERTIFICATION                    CASE NO. 9000670
                                    4

# EXHIBIT H

1 MARK J. JACOBS, SBN 208945
Email: mjacobs@fisherphillips.com
2 CHRISTOPHER M. AHEARN, SBN 239089
Email: cahearn@fisherphillipsc.om
3 LAUREN STOCKUNAS, SBN 316800
Email: lstockunas@fisherphillips.com
4 FISHER & PHILLIPS LLP
2050 Main Street, Suite 1000
5 Irvine, California 92614
Telephone: (949) 851-2424
6 Facsimile: (949) 851-0152

7 Attorneys for Defendant
INSPERITY PEO SERVICES, L.P.

8

9    SUPERIOR COURT OF THE STATE OF CALIFORNIA

10     FOR THE COUNTY OF STANISLAUS

11

12 ZACHARY BLAIR on behalf of himself,    CASE NO.:   9000670
and other similarly situated, and on behalf of   *[Unlimited Jurisdiction]*
13 the general public,

               *Assigned for all purposes to the*
14        Plaintiffs,      *Honorable Marie Sovey Silveira, Dept. 21*

15    v.          DEFENDANT INSPERITY PEO SERVICES,
               L.P.'S ANSWER TO COMPLAINT
16 CLASSIC PARTY RENTALS, INC., and
DOES 1-100,
17             Complaint Filed: December 7, 2017
        Defendants.     Trial Date:    TBD
18

19

20

21

22

23

24

25

26

27

28

                 1
FP 38438747.1

1    Defendant, INSPERITY PEO SERVICES, L.P. (hereinafter, "Defendant") responds to

2  the pending complaint in the above-captioned action (hereinafter, the "Complaint') by Plaintiff

3  ZACHARY BLAIR (hereinafter, "Named Plaintiff"):

4                                    **ANSWER**

5    Pursuant to California Code of Civil Procedure section 431.30, subdivision (d),

6  Defendant generally denies each and every allegation and cause of action in the unverified

7  Complaint.

8                                    **DEFENSES**

9    Hereinafter, the term "Plaintiffs" refers to both Named Plaintiff and to any member of

10  any putative class and/or representative or collective group that Plaintiff seeks to represent.

11  Defendant asserts the defenses set forth below, including as to as to each and every one of the

12  Plaintiffs.

13    Defendant's assertion of the below defenses is not intended to, and does not, operate as a

14  voluntary assumption of the burden of proof as to such defenses.

15    Discovery and investigation are ongoing. Defendant reserves its right to seek to add

16  additional defenses as the case develops.

17    The terms "his," "her," "he," "she," "they," and "them" as used below refer to any person

18  or persons of any gender or gender identity.

19                                **FIRST DEFENSE**

20    1.    Plaintiffs' claims are barred, in whole or in part, by statutes of repose and the

21  applicable statutes of limitation, including but not limited to California Code of Civil Procedure

22  §§ 340(a) (Penalties Paid to Individual – 1 Year), (b) (Penalties Paid to State – 1 Year), 338(a)

23  (Statutory Claims – 3 Years), and 343 (Default Provision – 4 Years), and California Business

24  and Professions Code § 17208 (UCL Claims – 4 Years).

25  / / /

26  / / /

27  / / /

28  / / /

DEFENDANT INSPERITY PEO SERVICES, L.P.'S ANSWER TO COMPLAINT
FP 38438747.1

**SECOND DEFENSE**

2.     Named Plaintiff's claims are barred on the ground that the Complaint, and all causes of action therein, fail to state a claim upon which relief may be granted.

**THIRD DEFENSE**

3.     Named Plaintiff lacks standing, and thus, cannot represent the interests of the Plaintiffs as to each purported cause of action in the Complaint.

**FOURTH DEFENSE**

4.     Plaintiffs are estopped by their conduct from recovering any relief sought in the Complaint, or in any purported cause of action alleged therein.

**FIFTH DEFENSE**

5.     By their words and/or conduct, Plaintiffs have waived any right to recover any relief sought in the Complaint, or in any purported cause of action alleged therein, including, but not limited to, in relation to meal periods pursuant to relevant provisions of the Wage Orders of the the California Industrial Welfare Commission, and including pursuant to the waiver provisions of Cal Lab. Code § 512(a).

**SIXTH DEFENSE**

6.     Plaintiffs' claims are barred by the doctrine of unclean hands.

**SEVENTH DEFENSE**

7.     Plaintiffs' claims are barred under the doctrines of collateral estoppel and *res judicata*.

**EIGHTH DEFENSE**

8.     Plaintiffs' claims are barred by Named Plaintiff's failure to exhaust administrative remedies.

**NINTH DEFENSE**

9.     Plaintiffs' claims are barred by the doctrine of laches.

**TENTH DEFENSE**

10.     Plaintiffs' claims are barred by the doctrines of accord and satisfaction.

/ / /

FP 38438747.1

**ELEVENTH DEFENSE**

11.     Plaintiffs' claims are barred by the doctrine of avoidable consequences.

**TWELFTH DEFENSE**

12.     Recovery by Plaintiffs of any amounts sought in this action would constitute unjust enrichment.

**THIRTEENTH DEFENSE**

13.     Plaintiffs are not entitled to equitable relief insofar as they have adequate remedies at law.

**FOURTEENTH DEFENSE**

14.     Plaintiffs unreasonably failed to comply with applicable employment requirements, policies and procedures.

**FIFTEENTH DEFENSE**

15.     If the injuries and/or alleged damages in the Complaint occurred at all, such injuries and/or alleged damages were caused by and/or contributed to by Plaintiffs' own acts, omissions and/or failures to act.

**SIXTEENTH DEFENSE**

16.     Named Plaintiff's causes of action are barred, in whole or in part, because Plaintiffs knowingly submitted to, consented to, and/or acquiesced in the actions alleged in the Complaint.

**SEVENTEENTH DEFENSE**

17.     Named Plaintiff's Complaint, and each and every cause of action alleged therein, is barred to the extent any of the Plaintiffs have executed and/or are subject to a legally enforceable compromise and/or release of any claims asserted in the Complaint.

**EIGHTEENTH DEFENSE**

18.     At all times, Defendant was acting in good faith and had reasonable grounds for believing that its acts and/or omissions, including with regard to compensation of Plaintiffs, were lawful, and were not violations of any provision of any provision of law.

/ / /

DEFENDANT INSPERITY PEO SERVICES, L.P.'S ANSWER TO COMPLAINT

FP 38438747.1

**NINETEENTH DEFENSE**

19.     All actions taken by Defendant with respect to Plaintiffs were supported by legitimate business reasons.

**TWENTIETH DEFENSE**

20.     Defendant's conduct toward Plaintiffs, was at all times privileged, justified and undertaken in a good faith belief that Defendant was in full compliance with the law.

**TWENTY-FIRST DEFENSE**

21.     Any amounts that Named Plaintiff claims are owed to Plaintiffs, are offset to the extent of amounts owed to Defendant by the respective Plaintiffs.

**TWENTY-SECOND DEFENSE**

22.     Although Defendant maintains that Named Plaintiff cannot establish any claim for restitution or other damages, should Defendant be found liable for any amount of restitution or damages, Defendant maintains that such amounts are barred legally, or subject to an equitable offset, due to damages suffered by Defendant which were caused by wrongful conduct of Plaintiffs. *Service Employees Internat. Union, Local 250 v. Colcord* (2008) 160 Cal.App.4th 362.

**TWENTY-THIRD DEFENSE**

23.     Named Plaintiff's claim alleging that Plaintiffs are owed unpaid wages, penalties, and/or other compensation based on Defendant's alleged failure to pay for all time worked lacks merit because any such work performed by Plaintiffs was not authorized, suffered, or permitted by Defendant and/or was performed without Defendant's knowledge and/or control.

**TWENTY-FOURTH DEFENSE**

24.     Plaintiffs were paid all wages due to them on a timely basis.

**TWENTY-FIFTH DEFENSE**

25.     Plaintiffs are not entitled to punitive and/or liquidated damages because Defendants did not act or fail to act in a manner sufficient to give rise to punitive and/or liquidated damages liability.

/ /

/ / /

FP 38438747.1

1

## TWENTY-SIXTH DEFENSE

2      26.     Plaintiffs' claims are estopped by the submission of their own time records, for

3  which they were compensated for all time worked and claimed, including overtime.

4

## TWENTY-SEVENTH DEFENSE

5      27.     The alleged unpaid and/or unrecorded time for which Named Plaintiff seeks

6  remedies, and as to which Named Plaintiff asserts recordkeeping and other violations based on

7  or related to the recording of working time (including in relation to meal periods), is and was

8  irregular as well as practically and administratively difficult to record, and is and was *de minimis*.

9

## TWENTY-EIGHTH DEFENSE

10      28.     Plaintiffs were paid all agreed upon wages that they had earned.

11

## TWENTY-NINTH DEFENSE

12      29.     Named Plaintiffs' claims are barred by the payment of wages to Plaintiffs and by

13  written agreements.

14

## THIRTIETH DEFENSE

15      30.     Plaintiffs are, and were, at relevant times, exempt under the laws cited in the

16  Complaint.

17

## THIRTY-FIRST DEFENSE

18      31.     Pursuant to the applicable law, including but not limited to written agreements,

19  and the laws cited in the Complaint, the time Named Plaintiff claims was not paid, is excludable

20  from compensable time worked.

21

## THIRTY-SECOND DEFENSE

22      32.     Any alleged unpaid time worked, including overtime, was not authorized by

23  Defendants and was performed by Plaintiffs during times and under circumstances that were

24  without Defendant's' actual and/or constructive knowledge.

25

## THIRTY-THIRD DEFENSE

26      33.     Defendant has not willfully failed to pay any wages or monies claimed due, and

27  there is a good faith dispute regarding Defendant's obligation to pay any sum that may be alleged

28  to be due.

FP 38438747.1

1

**THIRTY-FOURTH DEFENSE**

2

34.     To the extent that Plaintiffs were paid compensation beyond that to which

3

Plaintiffs were entitled, such additional compensation would satisfy, in whole or in part, any

4

alleged claim for unpaid overtime or other monetary relief.

5

**THIRTY-FIFTH DEFENSE**

6

35.     Plaintiffs are not entitled to any liquidated damages pursuant to Cal. Lab. Code §

7

1194.2, and/or the amount of any such liquidated damages should be reduced in the Court's

8

discretion, because Defendant had reasonable grounds for believing that its acts and/or omissions

9

were not violations of any provision of the Labor Code relating to minimum wage, or an order

10

of the commission, the court or the Labor Commissioner.

11

**THIRTY-SIXTH DEFENSE**

12

36.     Defendant is not liable for any payments or penalties related to missed, skipped,

13

short, interrupted, incomplete, or untimely meal and/or rest periods because Plaintiffs' unilateral

14

choice to decline to exercise all or part their right to take the meal and/or rest periods provided

15

to them and/or Plaintiffs' failure to timely obtain a remedy by complaining and/or taking

16

reasonable measures to complain about any alleged impediments to such enjoyment of the meal

17

and/or rest periods contemporaneously with the occurrence of such impediments (of which

18

Defendant had no actual or constructive knowledge), utterly disqualify and bar Plaintiffs from

19

establishing a meal and/or rest period violation.

20

**THIRTY-SEVENTH DEFENSE**

21

37.     Defendant is not liable for any payments or penalties related to missed, skipped,

22

short, interrupted, incomplete, or untimely meal and/or rest periods because any interruption

23

during said meal and/or rest periods, and any time shortage for any meal or rest period, was at

24

most *de minimis*.

25

**THIRTY-EIGHTH DEFENSE**

26

38.     Plaintiffs' claims are barred to the extent that they were entirely and/or partially

27

exempt pursuant to applicable provisions of the Wage Orders of the California Industrial Welfare

28

Commission, (and/or related provisions of any other Wage Orders or legal provisions that may

DEFENDANT INSPERITY PEO SERVICES, L.P.'S ANSWER TO COMPLAINT

FP 38438747.1

apply), and/or during times when they worked in positions that were entirely or partially exempt pursuant to such provisions.

## THIRTY-NINTH DEFENSE

39.     Named Plaintiff's claim for penalties for alleged violations of Cal. Lab. Code § 226(a) is barred because Plaintiffs were never injured by any failure by Defendant to furnish wage statements. The wage statements furnished to Plaintiffs contained all information required and necessary for Plaintiffs to understand how their wage payments were calculated. Procedures existed, at all relevant times, whereby Plaintiffs could ask for clarification about wage calculations, and to ask for any perceived errors to be addressed and/or corrected.

## FORTIETH DEFENSE

40.     Named Plaintiff's claims for penalties for alleged violations of Cal. Lab. Code § 226(a) are barred because none of Defendant's alleged failures to furnish any accurate itemized wage statement were both knowing and voluntary. Defendant at all times reasonably believed that the wage statements furnished to Plaintiffs were proper and accurate, and contained all legally required information.

## FORTY-FIRST DEFENSE

41.     To the extent Plaintiffs were entitled to be provided meal periods pursuant to Cal. Lab. Code § 512 and/or provisions of the Wage Orders of the California Industrial Welfare Commission, they waived such right as provided in Cal. Lab. Code § 512(a) and/or applicable provisions of such Wage Orders.

## FORTY-SECOND DEFENSE

42.     Named Plaintiff's claims for any alleged failure to provide meal periods are barred to the extent that they were covered by on-duty meal period agreements made pursuant to applicable provisions of the Wage Orders of the California Industrial Welfare Commission.

## FORTY-THIRD DEFENSE

43.     Plaintiffs' claims for "waiting time" penalties pursuant to Section 203 of the California Labor Code are barred because the wages Named Plaintiff claims were not paid upon
/ / /

discharge were subject to a good faith dispute of fact or law as to whether such wages were owed, and any violations forming the basis of any claims under such Section 203 were not willful.

## FORTY-FOURTH DEFENSE

44.     Plaintiffs are not similarly situated. The potential claims of the Plaintiffs reflect variability.

## FORTY-FIFTH DEFENSE

45.     Named Plaintiff's class claims are barred because such claims are unmanageable, including due to a prevalence of individualized factual and legal issues and because they would require the testimony at trial of, and individualized evidence as to, each of the persons on whose behalf civil penalties and other relief is sought, in order for there to be recovery of penalties and other relief on any such persons' behalf.

## FORTY-SIXTH DEFENSE

46.     This suit may not be properly maintained as a class action because Named Plaintiff has failed to plead, and cannot establish (1) an ascertainable class; (2) that a class action is the superior or an appropriate method for fair and efficient adjudication of the claims in the Complaint; (3) common issues of fact and/or law do not predominate; (4) Named Plaintiff's claims are not representative or typical of the claims of the putative class; (5) Named Plaintiff is not a proper class representative; (6) the Named Plaintiff and his counsel will not adequately represent the interests of the class; (7) there is no well-defined community of interest in the questions of law or fact affecting Plaintiffs; and (8) the alleged class is not sufficiently numerous for class treatment.

## FORTY-SEVENTH DEFENSE

47.     Adjudication of Plaintiffs' claims through generalized class-wide proof would violate Defendant's rights to due process and trial by jury, guaranteed by the United States and California Constitutions.

## FORTY-EIGHTH DEFENSE

48.     Named Plaintiff does not and cannot fairly and adequately protect the interests of the putative class and/or other representative and collective groups alleged in the Complaint.

DEFENDANT INSPERITY PEO SERVICES, L.P.'S ANSWER TO COMPLAINT

**FORTY-NINTH DEFENSE**

49.     Plaintiffs' claims for penalties are barred by the due process clauses of the Fourteenth Amendment to the United States Constitution and Article I., Section 15 of the California Constitution.

**FIFTIETH DEFENSE**

50.     The maintenance of non-certified claims or derivative claims related thereto as "representative" actions under Cal. Bus. & Prof. Code §§ 17200, *et seq.* (Unfair Competition Law), or any other laws, would violate the Due Process Clauses of the United States and California Constitutions by authorizing actions to be brought on a collective basis without the requirements for class certification having been met.

**FIFTY-FIRST DEFENSE**

51.     The standard of liability under Cal. Bus. & Prof. Code §§ 17200, *et seq.* (Unfair Competition Law) is vague and subjective, and permits retroactive, random, arbitrary, and capricious punishment that serves no legitimate governmental interest.

**FIFTY-SECOND DEFENSE**

52.     Named Plaintiff's claims for restitution pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (Unfair Competition Law) are a disguised and impermissible form of damages.

**FIFTY-THIRD DEFENSE**

53.     Named Plaintiff's claims for relief pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.*, (Unfair Competition Law) are barred as to any and all alleged violations that have discontinued, ceased, and are not likely to reoccur.

**FIFTY-FOURTH DEFENSE**

54.     Named Plaintiff's claims for restitution pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.*, (Unfair Competition Law) are barred on the ground that Defendant has not been unjustly enriched as a result of any of the alleged acts and/or omissions in the Complaint.

**FIFTY-FIFTH DEFENSE**

55.     Claims for penalties must comport with the due process requirements of *State Farm v. Campbell*, 538 U.S. 408 (2003) and subsequent/related case law.

FP 38438747.1

**FIFTY-SIXTH DEFENSE**

56.     Named Plaintiff's claims for restitution under Cal. Bus. & Prof. Code §§ 17200, *et seq.* (Unfair Competition Law), and claims for penalties, including pursuant to Cal. Lab. Code §§ 2698, *et seq.* (California Labor Code Private Attorneys General Act of 2004) are barred by the "excessive fines" clauses of the Eighth Amendment to the United States Constitution and Article I., Section 17 of the California Constitution.

**FIFTY-SEVENTH DEFENSE**

57.     Plaintiffs' claims for penalties are barred by the "excessive fines" clauses of the Eighth Amendment to the United States Constitution and Article I., Section 17 of the California Constitution.

**FIFTY-EIGHTH DEFENSE**

58.     The acts and/or omissions of the additional Defendant(s) other than this answering Defendant, and of the unnamed "Doe" defendants, were all undertaken outside the scope of such Defendants' agency and/or employment with this answering Defendant, and were undertaken without the knowledge or consent of this answering Defendant, and this answering Defendant may not be held liable for such acts and/or omissions.

**FIFTY-NINTH DEFENSE**

59.     The harm allegedly suffered by Plaintiffs was proximately caused by persons or entities other than Defendant, who should be solely responsible for paying any damages or other monetary remedies.

**SIXTIETH DEFENSE**

60.     The harm allegedly suffered by Plaintiffs was caused by third parties, and liability for damages or other monetary remedies should be apportioned among such third parties.

**SIXTY-FIRST DEFENSE**

61.     Defendant cannot be held jointly and severally liable for the acts and/or omissions of any alleged joint employer, because the California Labor Code and other statutes relied upon in the Complaint provide no basis for such joint and several liability.

/ / /

FP 38438747.1

**SIXTY-SECOND DEFENSE**

62.    Named Plaintiff's claims are barred by his failure to join necessary and/or indispensable parties.

**SIXTY-THIRD DEFENSE**

63.    Defendant was not Plaintiffs' employer, and did not: (a) exercise control over the wages, hours, or working conditions of Plaintiffs; (b) suffer or permit Plaintiffs to work; or (c) engage, or otherwise act in a manner giving rise to a common law or statutory employment relationship with Plaintiffs.

**SIXTY-FOURTH DEFENSE**

64.    Defendant cannot be liable for any alleged Labor Code violations committed by the true employer(s) of Plaintiffs because the true employer(s) of Plaintiffs were obligated to comply with the Labor Code and other applicable provisions of law relied upon in the Complaint.

**SIXTY-FIFTH DEFENSE**

65.    The claims of Plaintiffs are barred on the ground that they were not employed by Defendant, jointly or otherwise, and Defendant is not otherwise responsible for the employment actions and practices of which Named Plaintiff complains.

**SIXTY-SIXTH DEFENSE**

66.    Plaintiffs were employed by persons and/or entities whose obligation it was to comply with the laws relied upon in the Complaint, including ensuring that Named Plaintiff and the putatively represented individuals were properly compensated, and accordingly those persons and/or entities are necessary and indispensable to this action.

**SIXTY-SEVENTH DEFENSE**

67.    Named Plaintiff's claims are barred by Plaintiffs' failure to exhaust internal, contractual, statutory, regulatory, and administrative grievance procedures.

**SIXTY-EIGHTH DEFENSE**

68.    The Complaint and each purported cause of action alleged therein are barred, in whole or in part, because Plaintiffs failed to exhaust contractual dispute resolution procedures including, but not limited to, arbitration or mediation.

FP 38438747.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SIXTY-NINTH DEFENSE

69.     The Complaint and each purported cause of action alleged therein should be abated in the Court's discretion, and Plaintiffs should be forced to pursue their administrative remedies with the California Division of Labor Standards Enforcement, which has primary jurisdiction over Plaintiffs' claims.

## SEVENTIETH DEFENSE

70.     Plaintiffs' claims are barred, in whole or in part, by the Federal Enclave Doctrine.

## SEVENTY-FIRST DEFENSE

71.     Plaintiffs' claims relating to overtime, and meal and rest periods, are barred to the extent Plaintiffs met the qualifications for exemption and preemption relating to drivers whose Hours of Service are and/or were subject to regulations promulgated by the U.S. Dept. of Transportation.


DATE:  August 21, 2020                    FISHER & PHILLIPS LLP


                                          By: _____
                                          MARK J. JACOBS
                                          CHRISTOPHER M. AHEARN
                                          LAUREN STOCKUNAS
                                          Attorneys for Defendant
                                          INSPERITY PEO SERVICES, L.P.

13

DEFENDANT INSPERITY PEO SERVICES, L.P.'S ANSWER TO COMPLAINT

FP 38438747.1

# PROOF OF SERVICE
## (Cal. Code Civ. Proc. §§ 1013(a) and 2015.5)

I, the undersigned, am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 2050 Main Street, Suite 1000, Irvine, California 92614.

On the below-listed date, I served ☐ *the original* ☒ *a true copy* of the foregoing document entitled **DEFENDANT INSPERITY PEO SERVICES, L.P.'S ANSWER TO COMPLAINT** on the person or persons listed below:

David Mara                                         Attorneys for Plaintiffs
Matthew Crawford
**MARA LAW FIRM, PC**
2650 Camino del Rio N., Suite 205          T:      (619) 234-2833
San Diego, CA 92108                           F:      (619) 234-4048
                                                   E:      dmara@maralawfirm.com
                                                           mcrawford@maralawfirm.com

☒      **[by U.S. MAIL]** I enclosed the document(s) in a sealed envelope or package addressed to each of the above-listed persons at their respective above-listed address(es), and placed the envelope(s) or package(s) for collection and mailing following our office's ordinary business practice for collection and processing of correspondence for mailing.  Such practice is that, the same say correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope or package with postage fully prepaid.

☐      **[by ELECTRONIC DELIVERY]** In addition to service as set forth above, I transmitted, *as a courtesy copy only*, a true and correct copy of the foregoing document(s) (or a reference to a Uniform Resource Locator that could be immediately used to download such document(s) via File Transfer Protocol) by email to the above-listed recipient(s), at their respective above-listed e-mail addresses.  I did not receive any failed delivery notification(s) relating to such emails.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed August 21, 2020 at Irvine, California.


Elizabeth R. Toller                          By: _____
_____                              
      Print Name                                              Signature

1
PROOF OF SERVICE

FP 38438747.1