1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ZACHARY BLAIR, on behalf of himself
and others similarly situated, and on behalf
of the general public,

              Plaintiff,

    v.

CLASSIC PARTY RENTALS, INC., and
DOES 1-100,

              Defendants.

No.  1:20-cv-01194-DAD-HBK

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS

(Doc. No. 11)

19

20

21

22

23

24

25

26

27

28

      This matter is before the court on a motion to dismiss plaintiff's complaint brought on

behalf of defendants Apollo Global Management, Inc.; Apollo Centre Street Partnership, L.P.;

Apollo Franklin Partnership, L.P.; Apollo Credit Opportunity Fund III AIV LP; Apollo SK

Strategic Investments, L.P.; Apollo Special Opportunities Managed Account, L.P.; and Apollo

Zeus Strategic Investments, L.P.'s (collectively the "Apollo Entities").  (Doc. No. 11.)  Pursuant

to General Order No. 617 addressing the public health emergency posed by the COVID-19

pandemic and the outbreak of the virus within this district, defendants' motion was taken under

submission on the papers.  (Doc. No. 15.)  For the reasons set forth below, defendants' motion to

dismiss will be granted.

/////

## BACKGROUND

Plaintiff Zachary Blair originally filed his complaint in Stanislaus County Superior Court on December 7, 2017.  (Doc. No. 1, Ex. B ("Compl.").)  Therein, plaintiff alleges the following.  At all relevant times, plaintiff Zachary Blair was employed by defendant Classic Party Rentals, Inc. and/or DOES as a non-exempt, hourly general associate and assistant driver in California.  (*Id*. at ¶ 28.)  Defendant Classic Party Rentals, a now defunct event and party rental company, did not comply with California wage and hour laws, wage order, or the California Labor Code.  (*Id*. at ¶ 4.)  For at least four years prior to the filing of the complaint, defendant Classic Party Rentals had a consistent policy and/or practice of not paying plaintiff and other non-exempt employees for all the hours that they worked, including before they clocked in and after they clocked out for their work shifts and during unpaid meal periods.  (*Id*. at ¶¶ 5–6.)  Further, defendant Classic Party Rentals had a continuous and widespread policy of shaving the time which plaintiff, and those similarly situated, actually worked.  (*Id*.)  During this same time period, defendant would clock out plaintiff and those similarly situated during thirty-minute meal periods, even though plaintiff and those similarly situated were allowed to work during those periods.  (*Id*. at ¶ 7.)  Defendant Classic Party Rentals also failed to provide all straight time and overtime wages owed to non-exempt employees, as mandated under the California Labor Code.  (*Id*. at ¶ 8.)  Further, defendant had a policy of requiring plaintiff and those similarly situated to work through meal periods and to work at least five hours without a meal period.  (*Id*. at ¶ 9.)  Defendant did not have a policy of allowing hourly workers working shifts of ten or more hours in a day to take a second meal break, nor did they allow workers who worked over four hours to take a ten-minute rest period.  (*Id*. at ¶¶ 10–12.)  Finally, defendant willfully failed to provide accurate itemized wage statements, timely pay wages owed to terminated employees, and maintain accurate time records.  (*Id*. at ¶¶ 14–15, 20.)

On December 5, 2018, plaintiff amended his complaint to identify DOE defendants 2 and 3 as Bright Event Rentals, LLC and Hartman Studios, Inc. dba Standard Party Rentals.  (Doc. No. 1 at 49.)  On March 12, 2020, plaintiff again amended his complaint to identify DOES 4, 5, 6, 7, 8, 9, 10, and 11 as the Apollo Entities listed above.  (*Id*. at 55.)

On August 24, 2020, defendants Apollo Entities removed this case from the Stanislaus County Superior Court pursuant to the Class Action Fairness Act of 2005 (28 U.S.C. §§ 1332, 1441, and 1446).  (Doc. No. 1.)  On September 23, 2020, defendants Apollo Entities filed a motion to dismiss plaintiff's claims against them.  (Doc. No. 11.)  On October 20, 2020, plaintiff filed his opposition to the motion to dismiss.  (Doc. No. 18.)  On October 27, 2020, defendants filed their reply.  (Doc. No. 19.)

## LEGAL STANDARD

The purpose of a motion to dismiss brought pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Though Rule 8(a) does not require detailed factual allegations, a plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).  It is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

/////

/////

/////

3

**DISCUSSION**

**A.      Failure to Allege Joint Employer Liability**

As an initial matter, to be held liable for any violations under the California Labor Code, defendants Apollo Entities must be plaintiff's employer.  *Lesnik v. Eisenmann SE*, 374 F. Supp. 3d 923, 947 (N.D. Cal. 2019).  Plaintiff added the Apollo Entities as defendants in this action because at least one of them allegedly owned Classic Party Rentals from 2014 to 2017.  (Doc. Nos. 13 at 10; 18 at 13.)  Thus, the gravamen of plaintiff's argument is that because defendants owned Classic Party Rentals, they are liable as joint employers of plaintiff and those similarly situated.  (Doc. No. 18 at 17.)

"California courts rely on the definitions provided in California's Industrial Welfare Commission's ('IWC') wage orders in determining whether an employment relationship exists." *Rodriguez v. SGLC, Inc.*, No. 2:08-cv-01971-MCE-KJN, 2012 WL 5704403, at *12 (E.D. Cal. Nov. 15, 2012)).  As set forth in *Martinez v. Combs*, 49 Cal.4th 35, 64 (2010), which the parties agree is the controlling California case defining joint employers, "[u]nder the IWC's orders, and thus under California law, 'to employ . . . has three alternative definitions:  (a) to exercise control over the wages, hours, or working conditions, or (b) to suffer or permit to work, or (c) to engage, thereby creating a common law employment relationship.'"  Based on the *Martinez* test, defendants argue that plaintiff "has not provided a single allegation that would explain *how* each of the seven Apollo Entities he names purportedly controlled his wages, hours, or working conditions."  (*Id*. at 10.)  Moreover, defendants argue that Apollo's common ownership of a subsidiary is not sufficient to establish parent liability as a joint employer.  (*Id*. at 10–11) (collecting cases).  In defendants' view, to be liable as an employer, "a parent must control the day-to-day employment decisions of the subsidiary."  (*Id*. at 10) (quoting *Laird v. Capital Cities/ABC, Inc.*, 68 Cal. App. 4th 727, 740 (1998)).  Absent such an "unusual degree of control," defendants argue, an owner is not a joint employer.  (*Id*.) (citing *Miller v. Swiss re Underwriters Agency, Inc.*, No. 09-cv-09551-DDP-JEM, 2010 WL 935697, at *3 (C.D. Cal. Mar. 15, 2010)).  According to defendants, here, plaintiff "pleads *no interactions* between the Apollo Entities and
/////

4

Classic Party, let alone interactions that might suggest 'an unusual degree of control' over Classic Party's day-to-day employment decisions." (*Id*. at 12.)

In opposing dismissal, plaintiff argues that an entity which controls a business enterprise may be an employer even if it did not directly hire, fire, or supervise the employees. (Doc. No. 18 at 25) (citing *Guerrero v. Superior Court*, 213 Cal. App. 4th 912, 947 (2013)). Plaintiff cites the decision in *Castaneda v. Ensign Group*, 229 Cal. App. 4th 1015, 1020 (2014) for the proposition that ownership of a company supports the definition of employment under California law. (Doc. No. 18 at 26.) Plaintiff contends that "numerous courts have refused to dismiss [parent companies] when properly alleged as joint employers." (*Id*. at 27.) Plaintiff also argues that, in the alternative, defendants Apollo Entities are liable as joint employers under the "suffer or permit" prong of the *Martinez* test as opposed to the "exercising control" prong. (*Id*.) (citing *Laguna v. Coverall N. Am. Inc*., No. 9-cv-2131-JM-BGS, 2011 WL 13177529, at *8 (S.D. Cal. Feb. 14, 2011)). Plaintiff contends that because he alleges the harms were caused by the defendants and because defendants were aware of the unlawful conduct and did nothing to stop it, he has alleged sufficient facts to state a claim against the Apollo Entities defendants under the suffer or permit theory of liability. (Doc. No. 18 at 27.)

In their reply, defendants argue that nowhere in the complaint does plaintiff allege that the Apollo Entities own Classic Party Rentals or its subsidiaries. (Doc. No. 19 at 11.) Defendants reiterate that, even if they did, common ownership alone is never enough to establish parent liability as a joint employer absent an unusual degree of control over a subsidiary. (*Id.*) (citing *Cellini v. Harcourt Brace & Co.*, 51 F. Supp. 2d 1028, 1034 (S.D. Cal. 1999); *Mille*, 2010 WL 935697, at *3).

The court finds defendants' arguments persuasive. Plaintiff's complaint is devoid of factual allegations explaining how the Apollo Entities meet any of the definitions of an employer in California under the *Martinez* test. In order to state a cognizable claim in this regard, plaintiff must allege some specific facts, such as whether defendants pay the employee's salary and taxes; own the equipment necessary for the employee to perform his job; have authority to hire, train, fire, or discipline the employee; or have discretion to set the employee's salary. *See Perez v.*

1   *DNC Parks & Resort at Sequoia*, No. 1:19-cv-00484-DAD-SAB, 2020 WL 4344911, at *3 (E.D.
2   Cal. July 29, 2020).

3       Here, plaintiff's complaint consists of conclusory allegations and recitations of the legal
4   standard for employment, but nowhere does it allege any *specific* facts explaining how defendants
5   Apollo Entities meet any of the requirements for being considered a joint employer of plaintiff or
6   those similarly situated.  Thus, plaintiff's allegations are "disparate and indiscriminate in nature
7   and fail to make out a joint employer claim." *Id.* at *4.  Plaintiff appears to argue in his
8   opposition to the pending motion that one or more of the Apollo Entities maintains an
9   employment interest in Classic Party Rentals. (Doc. No. 18 at 13.)  However, none of the
10  allegations in his complaint supply sufficient factual allegations to make out a joint employer
11  claim against any one of the Apollo Entities defendants, let alone *all seven defendants*.

12      Plaintiff cites to the decision in *Villalpando v. Exel Direct Inc.*, No. 3:12-cv-04137-JCS,
13  2014 WL 1338297, at *5 (N.D. Cal. Mar. 28, 2014), arguing that there the district court found
14  that "a standardized set of policies and procedures" was sufficient to make out a joint employer
15  claim.  However, *Villalpando* involved delivery drivers for a company that contracted its delivery
16  services to several retail clients.  *Id.* at *1.  The drivers sued both the delivery company and its
17  retail clients as joint employers, arguing not only that they employed common policies but that
18  each of the retailers were directly served by the drivers.  *Id.* at *5.  This key factual allegation
19  established a direct connection between each of the retailers and the plaintiff drivers, suggesting
20  that the retailers had at least some control over the drivers' employment conditions.  In contrast,
21  here, plaintiff has at most only alleged facts establishing his direct connection to Classic Party
22  Rentals and only in his opposition to the pending motion does he explain any potential role
23  defendants Apollo Entities played in his employment.  (*Compare* Compl. at ¶ 4 (alleging that
24  Classic Party Rentals and/or DOES failed to comply with California wage and hour laws), *with*
25  Doc. No. 18 at 27 (arguing that plaintiff "believes that at a minimum [his] factual allegations
26  establish that the Apollo Defendants were aware of the unlawful conduct and did nothing to stop
27  it.")).  Moreover, even in plaintiff's opposition he fails to make clear the Apollo Defendants'
28  alleged role in any unlawful behavior.  (*See* Doc. No. 18 at 28) ("Simply put, the Apollo

Defendants' improperly denied its employees control-free meal periods or compensation in lieu thereof for all hours worked during unpaid meal periods and failed to compensate its employees for time spent under their compensable control.")  Defendants Apollo Entities may share some role in the employment of plaintiff, but plaintiff has failed to allege any specific facts that if proven would so establish.

Moreover, plaintiff's argument that courts consider ownership in evaluating whether a joint employer claim has been adequately alleged is unpersuasive here.  (Doc. No. 18 at 25) (citing *Castaneda*, 229 Cal. App. 4th at 1020).  While it is true that ownership is suggestive of control, alleged ownership alone is not sufficient for this purpose.  Rather, an entity only maintains an employer relationship "if it has retained or assumed a general right of control over factors such as hiring, direction, supervision, discipline, discharge, and relevant day-to-day aspects of the workplace behavior of [its] employees."  *Patterson v. Domino's Pizza, LLC*, 60 Cal. 4th 474, 497–98 (2014).  "Although under some circumstances two corporations may be treated as a single employer, there is a strong presumption against holding a parent corporation liable for the acts or omissions of the subsidiary on the theory that the two corporate entities constitute a single employer."  *Vasquez v. Wells Fargo Bank, Nat'l Ass'n*, 77 F. Supp. 3d 911, 922 (N.D. Cal. 2015) (citing *Laird*, 68 Cal. App. 4th at 737); *cf. Kasperzyk v. Shelter Security Services, Inc.*, No. C-13-3358 EMC, 2014 WL 1760040, at *5–7 (N.D. Cal. May 2, 2014) (finding the specific factual allegations that two entities (who were not a parent and a subsidiary) each exercised significant control over the plaintiff's work activities to be sufficient to pursue their liability on a joint employer theory).

In this regard, the cases relied upon by plaintiff are distinguishable.  For example, while the *Castaneda* decision *considered* ownership, the plaintiff in that case had also alleged that defendant had structural and management control over the subsidiary, issued the paychecks for the subsidiary, recruited employees for the subsidiary to hire, trained executive staff of the subsidiary, provided a seamless flow of corporate officers to the subsidiary, and otherwise controlled the job functions of the subsidiary employees.  *See* 229 Cal. App. 4th at 1021–22.  Accordingly, the decision in *Castaneda* in no fashion stands for the broad proposition that

7

1   ownership alone is sufficient to establish joint employer status.  Plaintiff also relies upon the

2   decision in *B.M. v. Wyndham Hotels & Resorts, Inc.,* No. 20-cv-00656-BLF, 2020 WL 4368214,

3   at *6 (N.D. Cal. July 30, 2020) in support of the contention that alleging an ongoing and systemic

4   right of control over the actions of employees is sufficient for purposes of asserting joint

5   employer liability.  First, the district court in *Wyndham Hotels* addressed only employer liability

6   under federal law and not under California law.  *Id.*  Moreover, in that case the court still found

7   that plaintiff had adequately alleged that the parent company maintained control over her

8   employment by alleging that the parent company engaged in "advertising for employment;

9   making employment decisions; setting employee wages; standardized or strict rules of operation;

10  and standardized training methods for employees." *Id*.  In contrast, here, plaintiff has alleged no

11  specific facts showing how the Apollo Entities exercised control over his work activities.  Rather,

12  he has merely alleged that the Apollo Entities own a significant share of Classic Party Rentals.

13  (Doc. No. 18 at 22.)[1]  Such allegations are not sufficient to hold defendants liable as joint

14  employers under California law.

15         The court is also not persuaded by plaintiff's argument that he has sufficiently alleged that

16  defendants Apollo Entities suffered or permitted the unlawful activity.  (*See* Doc. No. 18 at 27.)

17  Under the IWC's second prong—the suffer and permit prong—the "basis for liability is the

18  defendant's knowledge of and *failure to prevent* the work from occurring."  *Martinez*, 49 Cal. 4th

19  at 70 (emphasis in original).  Plaintiff points to the decision in *Laguna*, 2011 WL 13177529, at *8

20  in support of his argument that he has sufficiently pled joint employment under the permit and

21  suffer prong.  (Doc. No. 18 at 27.)  The district court in *Laguna* held that the plaintiffs there had

22  "pled facts sufficient to show that the [parent company] had actual knowledge of the allegedly

23  unlawful working conditions suffered by Plaintiffs."  2011 WL 13177529, at *8.  However, in

24  reaching that conclusion, the district court in *Laguna* found that there the plaintiffs had

---

[1]  The court also notes that plaintiff only raises these ownership arguments in his opposition to
defendants' motion to dismiss.  Nowhere in his complaint does he allege that any entity, let alone
defendants Apollo Entities, owned Classic Party Rentals.  At best, plaintiff alleges that defendants
DOES collectively controlled his working conditions and thus created a joint-employer
relationship over him.  (Compl. at ¶ 24.)  However, plaintiff does not allege any specific facts
elaborating on this otherwise conclusory claim.

successfully alleged that the other defendants personally participated in decisions to misclassify workers, requested and regularly received reports about workers, and had the power to prevent plaintiffs from working under unlawful conditions. *Id*.

Here, plaintiff has advanced no such specific allegations as to how the Apollo Entities participated in any unlawful decisions or how they had the power to prevent any of the actions allegedly taken by Classic Party Rentals. Plaintiff argues that the pleading standard is readily met where he pleads facts alleged upon information and belief and that belief is based on factual information that makes the inference of culpability plausible. (Doc. No. 18 at 28) (citing *Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017)). However, plaintiff has not pled *any*, let alone sufficient, factual information from which any inference can be plausibly drawn which would make Apollo Entities liable as a joint employer. Merely receiving the benefit of the employees' work is not enough to establish liability under a joint employer theory. *See Lesnik*, 374 F. Supp. 3d at 948. The court finds that plaintiff's current factual allegations lack the specificity necessary to put defendants Apollo Entities on notice as to how they might be liable for the actions alleged in the complaint. Accordingly, plaintiff has failed to state a cognizable claim under the suffer or permit prong of *Martinez* against defendants Apollo Entities, whose motion to dismiss will therefore be granted.[2]

**B.      Leave to Amend**

Regarding whether leave to amend should be granted, defendants argue that "[t]he Apollo funds invest in portfolio companies; but the companies have separate managers. Plaintiff would have no good faith basis to allege that the Apollo Entities were controlling the day-to-day working conditions of the Classic Party Employees." (Doc. No. 13 at 12.) Defendants therefore contend that plaintiff is unable to cure the deficiencies of his complaint as to them. (*Id.*)

The court is not persuaded by defendants' argument in this regard. Defendants Apollo Entities were added to plaintiff's complaint only after plaintiff learned that one of the Apollo

---

[2]  The court need not rule on defendants' failure to prosecute argument or their argument that plaintiff failed to allege sufficient facts to support any of his claims. Of course, such arguments may be considered if any amended complaint is authorized and filed.

Entities previously owned Classic Party Rentals.  (Doc. No. 18 at 22.)  It is therefore understandable that plaintiff may not have had sufficient information at the time he originally filed his complaint to allow him to adequately plead specific facts about how the Apollo Entities were or were not involved in any alleged wrongdoing.  Under these circumstances, the court cannot conclude that the granting of leave to amend would be futile and plaintiff will be granted leave to file an amended complaint if he is able to do so in good faith.  *See* Fed. R. Civ. P. 15(a)(2).

## CONCLUSION

Accordingly, the motion to dismiss (Doc. No. 11) brought on behalf of defendants Apollo Entities is granted.  Any amended complaint plaintiff may elect to file shall be filed within fourteen (14) days of service of this order.

IT IS SO ORDERED.

Dated:   **March 24, 2021**

_____
UNITED STATES DISTRICT JUDGE

10