1
2
3
4
5
6
7
8  UNITED STATES DISTRICT COURT
9  FOR THE EASTERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  ZACHARY BLAIR, | Case No.  1:20-cv-1194-DAD-HBK |
| 12             Plaintiff, | ORDER TO CLERK TO TERMINATE PREVIOUSLY DISMISSED DEFENDANTS FROM DOCKET AND CLOSE CASE |
| 13        v. | |
| 14  CLASSIC PARTY RENTALS, INC., CP OPCO, LLC, BRIGHT EVENT RENTALS, LLC, HARTMAN STUDIOS, INC., INSPERITY PEO SERVICES, LP, AND APOLLO MANAGEMENT, INC. ET AL., | |
| 18             Defendants. | |

19  This matter comes before the Court upon periodic review of the file.  This case was
20  removed from Stanislaus County Superior Court on August 24, 2020, by Defendant Insperity
21  PEO Services, L.P. ("Insperity").  (Doc. No. 1).  In their removal papers, Defendant Insperity
22  noted the state court had dismissed Defendants Bright Event Rentals, Hartman Studios and
23  Classic Party Rentals, Inc. on March 13, 2019, March 21, 2019, and April 5, 2019, respectively.
24  (Doc. No. 1 at 4).  These Defendants were dismissed before Defendant Insperity removed the
25  action to this court. Thus, these Defendants should not have been named on the docket.
26  Accordingly, the Court will direct the Clerk to remove these Defendants from the docket.
27  On May 26, 2021, Plaintiff filed a notice of voluntarily dismissal of this action as to
28  Defendants Apollo Global Management, Inc.; Apollo Center Street Partnership, L.P.; Apollo

Franklin Partnership, L.P.; Apollo Credit Opportunity Fund II AIV, L.P.; Apollo SK Strategic Investments, L.P.; Apollo Special Opportunities Managed Account, L.P.; Apollo Zeus Strategic Investments, L.P. under Fed. R. Civ. P. 41(a)(1)(A)(i).  (Doc. Nos. 32, 35).  On August 3, 2021, a Joint Stipulation to Voluntarily Dismiss All Claims Against All Defendants was filed by Plaintiff and Insperity PEO Services, L.P under Fed. R. Civ. P. 41(a)(1)(A)(ii). (Doc. Nos. 37, 38).

       Thus, from a review of the docket, it appears that o CP OPOCO, LLC d/b/a Classic Party Rentals, Inc. remains as the sole defendant.  As noted, *supra*, the state court dismissed Classic Party Rentals, Inc. and a review of the removal papers indicate that the state court judge inadvertently added CP OPOCO, LLC to the caption of the case in an order granting Plaintiff's amended complaint when the body of the order did not include naming CP OPOCO, LLC in place of the John Doe Defendants.  (*See* Doc. No. 4. at 51-52).  In other words, the body of the order permitted amendment of the complaint to naming "Doe Defendant 2 as Bright Event Rentals, LLC and Doe Defendant 3 as Hartmann Studios, Inc. dba Standard Party Rentals," but the order did not address CP OPOCO, LLC.  (*Compare Id.* 51-52, *with id.* at 17).  Thus, it appears the state court order contained a scrivener's error inadvertently naming CP OPOCO, LLC as a defendant.  Further, Plaintiff made clear in his Stipulation that the action was to be "voluntarily dismissed in its entirety."  (Doc. No. 37 at 2:16-17).  Accordingly, the Court will direct the Clerk to remove Defendant CP OPOCO, LLC d/b/a Classic Party Rentals as a named defendant.  Following these corrections, this case no longer remains pending against any named Defendant.

       Accordingly, the Clerk of Court shall correct the docket to remove Bright Event Rentals, Hartman Studios and Classic Party Rentals, Inc., and CP OPOCO, LLC d/b/a Classic Party Rentals Inc. as improperly named Defendants on the docket and CLOSE this case consistent with the previous Rule 41 dismissals.

Dated:    May 16, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE